# First National Bank of Seymour v. Isaacs, Treasurer.

### [No. 19,938.    Filed October 14, 1903.]

Taxation.—*Appeal to State Board of Tax Commissioners.—Order.— Amendment by County Auditor.*—Where a county board of review assessed the personal property of a bank at $136,495, and its real estate and improvements at $6,615, from which an appeal was taken to the state board of tax commissioners, an order of the state board of tax commissioners " that the valuation of said property be fixed at $127,110, in addition to the assessed value of the real estate of said bank " was sufficiently certain to indicate the intention of the board, and meant that the $127,110 should be added to the valuation of $6,615 of the real estate, this being the only valuation of the real estate of the bank of which the state board had knowledge, and the county board of review was not authorized thereafter to add to the real estate assessment on the ground that real estate had been omitted from the original assessment. *pp. 279–284.*

Same.—*Appeal to State Board of Tax Commissioners.—Transcript.*—A county auditor is not authorized to add to a transcript of an appeal from the county board of review to the state board of tax

commissioners a certificate showing that the board had overlooked a part of the appellant's property in making the assessment. *pp. 284, 285.*

TAXATION.—*Appeal to State Board of Tax Commissioners.*—*Amendment by County Auditor.*—Where upon appeal from the county board of review the state board of tax commissioners reduced the original assessment, the act of the county auditor in making an assessment of his own which corresponded neither with the original assessment made by the county board, nor with that ordered by the state board, was unauthorized, and illegal. *pp. 285, 286.*

SAME.—*State Board of Tax Commissioners.*—*Special Sessions.*—*Acts Legalized.*—The state board of tax commissioners is not a court governed by court rules, and such board has the right to correct errors in its records of proceedings of former meetings at subsequent meetings, and where corrections were made at unauthorized special meetings, such meetings and proceedings were properly legalized by act of the legislature. *pp. 286, 287.*

From Jackson Circuit Court; *T. B. Buskirk,* Judge.

Suit by First National Bank of Seymour against William W. Isaacs, county treasurer, to enjoin the collection of taxes. From a judgment for defendant, plaintiff appeals. *Reversed.*

*O. H. Montgomery,* for appellant.
*C. E. Wood,* for appellee.

DOWLING, J.—The allegations of the complaint in this case material to a correct decision of the question presented by the assignment of errors are substantially as follows: The appellant is a national banking association incorporated under the act of congress known as the national bank act, and is, and for many years has been, engaged in business in the city of Seymour, in Jackson township, Jackson county, Indiana, and the appellee is the treasurer of said county. Between the 1st day of April and the 1st day of June, 1899, the president of the appellant, acting on its behalf, pursuant to the requirements of the tax law, made a statement in writing, in duplicate, showing the number of the shares of the capital stock of said bank, and the name and residence of each shareholder, with the number of shares owned by him; that he affixed

what he deemed the true cash value of such shares, and also the true cash value of the entire capital stock of said bank on the 1st day of April, 1899, and he delivered one of the said statements to the township assessor of said Jackson township, and one to the county auditor of said county. Thereupon the said capital stock was duly listed for taxation, assessed, and returned by said assessor as other like property was returned for taxation. On July 12, 1899, after due notice, the county board of review revised the said assessment, and assessed the appellant, its capital stock and property, at the aggregate sum of $143,110. The bank appealed from the assessment so made to the state board of tax commissioners, and, on August 19, 1899, said state board, having duly obtained jurisdiction of the said matter, granted the appeal, and finally assessed the appellant, its capital stock and property, at the aggregate sum of $133,110. Subsequently, the minutes of the proceedings of the said board being found indefinite they were, on January 2, 1901, corrected and made certain. A certified copy of such proceedings so corrected was issued to the auditor of said Jackson county, but notwithstanding such reduction and final assessment by the state board, the auditor of said county entered the appellant's name upon the tax duplicate of said county for the year 1899, and charged it with property for taxation of the aggregate value of $143,110, and computed and extended taxes thereon at the rate of $1.68 per each $100 of the said amount. Said auditor thereupon turned over to the county treasurer of said county the said duplicate, with the excessive valuation of $10,000, and the taxes thereon, for the collection of said taxes, and the appellant paid all taxes charged against it upon the said valuation of $133,110, as fixed by said state board, but refused to pay the taxes upon the additional and excessive amount of $10,000 so included by the said auditor. The said treasurer threatens to collect the said taxes on the said $10,000 so added to said assess-

ment by levy upon and sale of the property of the appellant unless enjoined. Prayer for a perpetual injunction. This complaint was sustained by this court in *First Nat. Bank* v. *Greger,* 157 Ind. 479.

Appellee filed an answer in denial. The cause was tried by the court, and a finding was made in favor of the appellee. A motion for a new trial on the grounds that the finding was not sustained by sufficient evidence and was contrary to law was overruled, and judgment was rendered for appellee.

The evidence, which is very brief, is brought here by bill of exceptions, and clearly establishes all the material facts of the complaint.

Counsel for appellee contends that the order of the state board of tax commissioners authorized the county auditor to add the $10,000 as a part of the value of the real estate owned by said bank. He also claims that the action of the state board of tax commissioners on January 2, 1901, in causing an entry to be made upon its records correcting the entry of August 19, 1899, was unauthorized and void. To this proposition counsel for appellant answers that by an act of the General Assembly of March 7, 1901 (Acts 1901, p. 129), all special meetings of the state board of tax commissioners previously held, and all proceedings at such special meetings were expressly recognized and declared valid. In response to this proposition, counsel for appellee insists that the act of March 7, 1901, *supra,* was invalid, for the reasons that the proceedings attempted to be legalized were void for want of jurisdiction in the board, and because "the act settled a pending lawsuit." (*sic*).

It appears from the proof that the property owned by the appellant April 1, 1899, was duly listed and returned by the proper officer of the bank to the township assessor:

Capital stock, 1,000 shares, $100 per share—$100,000 00
Value of shares, $128.80................ 128,800 00
Amount of all deposits April 1, 1899...... 282,591 92

Amount of undivided profits on hand April 1,
   1899 ............................    3,111 18
Amount of surplus fund April 1, 1899.....   40,000 00
Assessed value of real estate..............   20,310 00

At the meeting of the Jackson county board of review, held June 19, 1899, the appellant was ordered to appear on July 1, 1899, and submit a statement of its property for revision, correction, or the assessment of omitted property. The bank appeared as it was required to do, and submitted its sworn statement. On July 10, 1899, the county board made the following order: "The board of review, having under consideration the corporation statement and schedule of the real estate and personal property of the First National Bank, when, on motion, it was ordered by the board that, in order to equalize the values with that of other property of like kind in Jackson county, Indiana, the following assessments be made on real estate, improvements, and personal property as follows:

The real estate is assessed at................   $2,520
The improvements are assessed at............    4,095
The personal property is assessed at............136,495

Total assessment .....................$143,110

The bank was dissatisfied with the action of the county board of review, and appealed from its order of assessment to the state board of tax commissioners. Upon the hearing of this appeal, the state board granted the petition of the appellant for a reduction of its assessment, and the following order was thereupon entered on its minutes: "In the matter of the appeal of the First National Bank of Seymour, Indiana, from the decision of the county board of review of Jackson county, fixing the valuation of the property of said bank, as set out in the appeal, it is ordered that the prayer of the appeal is granted, and that the valuation of said property be fixed at $127,110, in addition to the assessed value of the real estate of said

bank." A certified copy of this order was sent to the auditor of Jackson county, and that officer, instead of obeying the mandate of the state board, made and entered on the tax duplicate an assessment against the appellant as follows:

"Personal property ........................$120,950
Real estate, city of Seymour................    5,860
Real estate in Jackson township.............   16,300

  Total ............................$143,110"

On January 2, 1901, the state board of tax commissioners, at a special meeting of the board, on the suggestion of the First National Bank that its order of August 19, 1899, was uncertain and had been misunderstood by the auditor of Jackson county, caused the following further entry to be made in explanation of its former proceedings: "Ordered that the prayer of the appeal be granted, and that the capital stock of the First National Bank be, and the same is hereby, valued and assessed at the sum of $133,110 for the year 1899, which shall constitute its total assessment, and include all its property real and personal. And it is ordered that this action of the board be duly certified by the Auditor of State to the county auditor of Jackson county. It is expressly understood that the said order does in no way change the assessment as originally fixed by the board, but it is made for the purpose of more clearly and expressly defining the said original assessments." The bank paid in full all taxes upon the said valuation and assessment of $133,110, but refused to pay upon the $10,000 which had been added to that valuation of its property by the county auditor.

The original order of the state board on the appeal of the bank, made August 19, 1899, is sufficiently certain to indicate the intention of the board. The valuation of the real estate and improvements belonging to the bank in the order of the county board of review was $6,615.

The valuation of the personal property was $136,495. The state board decided that the valuation of the personal property was unequal and too high, and reduced it to $127,110, to which it declared "the assessed value of the real estate of the Bank" should be added. By this the board could have meant nothing else than the valuation of $6,615 made by the county board of review, this being a part of the assessment appealed from, and the only valuation of the real estate of the bank of which the state board had knowledge. According to this order, the total assessment and valuation of the property of the bank was as follows:

Real estate ................................ $2,520
Improvements .............................. 4,095
Valuation of personal property.............. 127,110

$133,725

When this order of the state board of tax commissioners was certified to the auditor of Jackson county, it was the duty of that officer to enter the valuation of the property of the bank just as the state board directed him to do, and he had no power to revise or change the valuations made by that board. "Such state board of tax commissioners shall, upon appeal from an assessment by the party aggrieved, assess the property in controversy. The Auditor of State shall certify to the auditors of the several counties, all such changes made by said state board of tax commissioners, showing in the first column the assessment made by the county or township officials, and in the second column the assessment as made by the said state board of tax commissioners, which latter amounts shall be by said auditor extended on the tax duplicates in lieu of the amounts fixed by said township or county officials, or by said county board of review." §8543 Burns 1901.

It is said in the brief for appellee that "The auditor of the county, in making the transcript of the appeal, sent a certificate along with the papers which showed that the

county board had overlooked this real estate." The land referred to seems to have been a tract or tracts situated in Jackson township, outside the corporate limits of the city of Seymour. We have not been referred to any provision of the statute which empowers a county auditor to make such a certificate, or to advise the state board of his views of the proceedings of the county board of review. The statute very clearly defines his official duty in these words: "Upon receiving notice of such appeal, the auditor of such county shall forthwith make out a statement, in writing, showing concisely the substance of the complaint made, if any, and the action of the board thereon, and shall transmit the same by mail to the Auditor of State, who shall lay the same, for its action, before the state board of tax commissioners when it shall convene." §8543, *supra*.

The state board properly disregarded the unauthorized certificate of the county auditor, and proceeded to "assess the property in controversy," as the law required. Besides, it appears that the lands outside of the city of Seymour were in fact before the county board of review, the bank having listed and returned the whole of its real estate at a valuation of $20,000. The county board of review, with this list and return before it, placed a valuation of $6,615 on all the real estate of the bank with its improvements. There is no evidence that the bank held any other real estate, or that it was of any greater value than that fixed in the order of the county board.

The result of the evidence, so far as we have now considered it, is this: The county board of review fixed the assessment and valuation of the appellant at $143,110. On appeal, the state board of tax commissioners reduced this valuation to $133,725. The county auditor, instead of extending the amounts of the assessments as fixed by the state board, made an assessment of his own, which corresponded neither with the original assessment made

by the county board, nor with that ordered by the state board. This proceeding was unauthorized and illegal. The appellant paid all taxes assessed against it, except those computed upon the $10,000 added to the valuation made by the state board. This amount was wrongfully included in the valuation of the property of the appellant: (1) Because it was not authorized by the original order of the state board; and (2) for the reason that the county auditor had no power to increase the valuation of the property in the manner disclosed by the proof.

Suppose, however, that the order first made by the state board was ambiguous, or that its terms, as they stood, apparently authorized the county auditor to add to the total valuation made by the state board the assessed value of any and all real estate owned by the appellant on April 1, 1899, which the county auditor might have imagined was not taken into account by the state board; had the state board the right at a special session held January 2, 1901, to amend its record, and declare the meaning of its original order; and, if not, were the proceedings at the special meeting of January 2, 1901, legalized and confirmed by the act of 1901, *supra?* The act creating the state board of tax commissioners fixed the times at which the board should sit, and limited the sessions thereof. The state board of tax commissioners is not a court, and the rules governing the proceedings, judgments, and records of courts do not apply to it. The duties of this branch of the government service are executive and administrative only, and relate exclusively to matters connected with the public revenues. It is composed of the chief executive and administrative officers of the State, with two other persons appointed by the Governor. It can not, as now constituted by the statute, under the Constitution, exercise any judicial functions, and its proceedings and decisions are in no proper sense judicial. It is required to keep a record, but that record is always under the control of

the board, and the principal duty of that body with reference to it is to see that the proceedings are clearly and correctly entered.   If, in a case like this, omissions or errors are discovered in such records, the board not only has the legal right to supply the omission and to correct the error at any subsequent meeting, but it is its duty to do so.   The State is always presumed to be present at the meetings of such board, and, so far as any representation may be necessary, it represents all other governmental agencies of the State, such as counties and townships, which are interested in the levying, assessment, and collection of taxes.   Its powers and duties are circumscribed and definite, but, within the sphere of administrative duty assigned to it, its decisions are final, except where by law they may be appealed from or reviewed by the courts. If special sessions of the state board had been held at which business was transacted, and if these special sessions were not authorized by the statute creating the board, nothing in the Constitution prohibited the legislature from legalizing these meetings and proceedings.   The act of 1901 (Acts 1901, p. 129, §8550 Burns 1901) is valid. *Everett* v. *Deal,* 148 Ind. 90; *City of Logansport* v. *Crockett,* 64 Ind. 319.   The action of the state board in holding a special session January 2, 1901, if unauthorized, was legalized and confirmed by the act of 1901, *supra*.   The amended record removed all doubt and uncertainty in regard to the action of the state board on the appeal of the bank, and fixed the total valuation of the property of the bank for taxation at $133,110.

It will be observed upon a comparison of the various orders and entries referred to, that there are many discrepancies and inaccuracies in the figures and amounts, but they are probably clerical, and in any event they do not affect the conclusion to which we have been led.

Upon the evidence, the finding should have been for the appellant, and the court erred in overruling the motion

for a new trial. The judgment is therefore reversed, with instructions to the court to sustain the motion for a new trial, and for further proceedings in conformity to this opinion.