392 N.E.2d 1161 (1979)
STATE of Indiana, ex rel. State Board of Tax Commissioners, et al., Relators, and State of Indiana, ex rel. East Chicago Chamber of Commerce, Inc., and Greater Gary Chamber of Commerce, Inc., Intervenors-Relators,
v.
MARION SUPERIOR Court, Civil Division, Room No. 5, and the Honorable Michael T. Dugan, II, Judge, Respondents.
No. 579S129.
Supreme Court of Indiana.
August 15, 1979.
*1163 Theo. L. Sendak, Atty. Gen., Donald P. Bogard, Chief Counsel-Staff, David C. Weigel, Deputy Atty. Gen., Thomas D. Strodtman, Asst. Atty. Gen., Virgil L. Beeler and Thomas G. Stayton, Indianapolis, for relators.
William M. Evans, Indianapolis, A. Martin Katz, County Atty., Crown Point, for respondents.
Virgil L. Beeler, Thomas G. Stayton, Baker & Daniels, Indianapolis, for intervenors-relators.

ORIGINAL ACTION
GIVAN, Chief Justice.
This case arises from a mandate action in the Marion Superior Court in which the Respondent issued an order directing the Indiana State Board of Tax Commissioners to increase the ad valorem property tax rates for Lake County. On May 21, 1979, this Court issued a temporary writ of mandate and prohibition ordering the Respondent to expunge the order of mandate and prohibiting him from exercising any further jurisdiction in the case. We now make that writ permanent.
The Local Government Tax Control Board (Tax Control Board) is a state governmental organization created by IC § 6-3.5-1-12 [Burns 1978]. It is authorized to consider appeals of taxing units desiring to augment their property tax revenues. IC § 6-3.5-1-12(c). The nine-member Board considers the petitions and then is empowered to recommend to the Indiana State Board of Tax Commissioners (State Tax Board) that certain types of relief be afforded to the taxing unit, enabling it to raise its property tax rates. IC § 6-3.5-1-12(e).
In 1978, the Lake County Council was engaged in the process of preparing its 1979 *1164 general fund budget. The Council was of the opinion that an increase in the ad valorem property tax rates was needed to meet the projected expenditures. Therefore, the Council, through the Auditor of Lake County, submitted to the Tax Control Board an appeal for relief from the property tax rate limitations imposed by IC § 6-3.5-1-3. The Council asserted that additional levies were necessary to provide funding for new community mental health and retardation centers, three new county courts and unemployment compensation payments. The Tax Control Board is authorized to consider these items as justification for higher property tax levies. IC § 6-3.5-1-12(e)(v), (ix) and (x). However, the Board unanimously voted on December 29, 1978, to disallow the request for added levies. The State Tax Board adopted this recommendation on April 16, 1979, thereby certifying for Lake County the ad valorem property tax rate of $1.4218 per $100 of assessed valuation.
Ten days later the Lake County Council, the Lake County Commissioners and Lake County, as a taxing unit, filed an action in mandate in the Marion Superior Court against the State Tax Board and the Tax Control Board. State ex rel. Lake County Council v. Indiana State Bd. of Tax Comm'rs, Cause No. S579 0556. In its prayer for relief, Lake County sought an order which would compel the State Tax Board to approve an increase in the property tax rate for the county. Following a hearing, the trial court granted the relief requested. Upon the subsequent denial of the application for a stay of the order, the Board sought a writ of mandate and prohibition from this Court. At the same time, Intervenor-Defendants East Chicago Chamber of Commerce, Inc. and Greater Gary Chamber of Commerce, Inc. came to this Court for extraordinary relief. The petitions were consolidated for hearing and on May 21, 1979, we unanimously granted a temporary writ.
The State Tax Board and the Intervenor-Relators first contend that the temporary writ should be made permanent and absolute on the ground that the Lake County Council and Commissioners, as well as the county itself, have no standing to bring an action to challenge a determination of the Board. We do not find the argument persuasive.
The jurisdictional element of standing addresses the question of whether the complainant is the proper party to invoke the power of the court. It is a restraint on the exercise of a court's jurisdiction in that the court has no authority to proceed with the cause of action or decide any issues in the case unless there is a demonstrable injury to the complaining party. Board of Trustees of Town of New Haven v. City of Fort Wayne (1978) Ind., 375 N.E.2d 1112.
A county or an official thereof possesses standing to challenge an interpretation or application of a statute if it can be demonstrated that the party is seeking the resolution of a legitimate controversy surrounding the operation of the statute. Board of Commissioners of Howard County v. Kokomo City Plan Comm. (1975) 263 Ind. 282, 330 N.E.2d 92. See also Ex parte France (1911) 176 Ind. 72, 95 N.E. 515. As Justice Prentice recently said in the case of Indiana Education Employment Relations Board v. Benton Comm. Schools (1977) 266 Ind. 491, 365 N.E.2d 752:
"The judicial doctrines of justiciability and standing exist to insure that litigation will be actively and vigorously contested, thus eliminating the possibility of collusion or attempts to obtain advisory opinions. As exemplified by the record below and the briefs on appeal, this case has been vigorously contested by both sides and by the intervenor. The plaintiff was not merely seeking an advisory opinion and the decision has an immediate impact upon the rights and obligations of all parties.
* * * * * *
"The case before us involved an immediate existing controversy between the parties and illustrates the need and desirability of adjudicating the parties' constitutional rights before rather than after official action has been taken." 266 Ind. at 496-8, 365 N.E.2d at 754-5.
*1165 Since the case at bar involves an "immediate existing controversy between the parties," we find that the county has standing to bring this action to test the legality of the State Tax Board's action.
The Board, however, argues that the cases of City of Indianapolis v. Ind. St. Bd. of Tax Comm'rs (1974) 261 Ind. 635, 308 N.E.2d 868, Lentz v. Trustees of Ind. Univ. (1966) 248 Ind. 45, 221 N.E.2d 883 and Fadell v. Kovacik (1962) 242 Ind. 610, 181 N.E.2d 228, mandate the conclusion that Lake County has no standing. While all three cases refused to give standing to the complaining parties, all are distinguishable from the facts in the case at bar. In the City of Indianapolis case this Court rested its decision on the fact that the City-Council had "no monetary interest in the budgets or levies of other governmental units within Marion County." 261 Ind. at 639, 308 N.E.2d at 870. (emphasis added.) In the Lentz and Fadell cases the Court held that a county or township assessor has no standing to challenge a decision of the State Tax Board regarding the allowance or disallowance of an exemption or a reduced assessment of a particular owner of property. The situation is far different in the case at bar. Here, the Lake County Council and Commissioners, along with the county itself as a taxing unit, have initiated the action to challenge the State Tax Board's determination as to the overall ad valorem property tax rates in the entire county. The Lake County Council has a vital interest at stake. It would be anomalous indeed for us to hold that a county or its officials cannot resolve in a court of law a bona fide dispute with a state agency over the application of a state statute. We therefore hold that the county has standing to bring this cause of action to test the legality of the State Tax Board's determination.
The Board also argues the Respondent was devoid of jurisdiction on the ground that its action is final and not reviewable under statute. It is true that IC § 6-1.1-17-16(e) and IC § 6-3.5-1-12(g) state that the decision of the State Tax Board is final. However, in Indiana there is a constitutional right to review of administrative actions. Warren v. Ind. Telephone Co. (1940) 217 Ind. 93, 26 N.E.2d 399. We therefore will treat the above statutes as prescribing finality of decision for the purpose of facilitating rather than foreclosing any subsequent judicial review.
Finally, the Board contends that the Respondent lacked jurisdiction because service has not yet been perfected upon the State Tax Board and because the final order of mandate was issued prior to the expiration of 20 days following service. See TR 6(C); Indiana Alcoholic Beverage Comm. v. St. ex rel. Cohen (1971) 257 Ind. 112, 272 N.E.2d 611; Indiana Alcoholic Beverage Comm. v. W-W Assoc., Inc. (1972) 152 Ind. App. 622, 284 N.E.2d 534. In the case at bar, however, the Attorney General of Indiana, by deputy, appeared and actively represented the State Tax Board and the Tax Control Board. The deputy filed a motion to reconsider and vacate the preliminary order of mandate, a memorandum in support thereof and proposed findings of fact and conclusions of law following the hearing. The deputy also participated in the hearing. This is decidedly different from Smock and W-W Associates, where orders were entered when the time for responding had not yet expired and the Attorney General had not yet filed any pleadings. Hence, the Respondent possessed jurisdiction to hear the case.
Turning to the substantive issues, Count I of the complaint alleges that the Tax Control Board and the State Tax Board reduced the property tax levy proposed by Lake County in direct contravention of their statutory authorization. The Respondent so found and issued a mandate to the State Tax Board to increase the property tax rate for Lake County. The taxing power of the State is a function committed to the wisdom of legislative judgment. The determination of levies, assessment of property and collection of taxes is an administrative duty exercised pursuant to the vesting of power by the General Assembly. Peden v. Bd. of Review of Cass Cty. (1935) 208 Ind. 215, 195 N.E. 87. While there is a *1166 constitutional right to judicial review of an administrative decision concerning taxation, such review is limited in scope. A court may interfere with the action of a taxing body only if the action was procured by fraudulent, corrupt or illegal means, was in bad faith, was arbitrary, capricious or a clear abuse of discretion, or was so manifestly wrong and prejudicial as to create the firm conviction that it resulted from a palpable disregard of official duty. State Board of Tax Commissioners v. Ind'pls Lodge # 17 (1964) 245 Ind. 614, 200 N.E.2d 221; Warren v. Ind. Telephone Co. (1940) 217 Ind. 93, 26 N.E.2d 399; Simmons v. Woodward (1940) 217 Ind. 15, 27 N.E.2d 37; Peden v. Bd. of Review of Cass Cty., supra; Murray v. Zook (1933) 205 Ind. 669, 187 N.E. 890.
In the case at bar, the Respondent concluded that the State Tax Board had violated IC § 6-3.5-1-12(e) in reviewing the request of Lake County for an increase in its property tax rates. He therefore vacated the Board's decision, calculated what he deemed to be the proper tax rate and total levy and mandated the Board to approve and certify this increased rate. In so doing, the Respondent committed error. A court can never substitute its judgment for that of an administrative agency. Warren v. Ind. Telephone Co. (1940) 217 Ind. 93, 26 N.E.2d 399. The sole relief a court may grant when an administrative decision is found to be unlawful is to vacate the decision and remand the matter to the agency for a further determination. State ex rel. Public Service Commission of Indiana v. Johnson Cir. Ct. (1953) 232 Ind. 501, 112 N.E.2d 429; Aeronautics Commission of Indiana v. Radio Ind'pls, Inc. (1977) Ind. App., 361 N.E.2d 1221. This rule applies likewise to actions by the State Tax Board. IC § 6-1.1-15-8; State Board of Tax Commissioners v. Farmers Co-op Co. of Remington (1977) Ind. App., 370 N.E.2d 389; State Board of Tax Commissioners v. Pappas (1973) 158 Ind. App. 327, 302 N.E.2d 858. Hence, the Respondent in the case at bar clearly exceeded his jurisdiction by ordering the State Tax Board to approve and certify a judicially-calculated tax rate.
Furthermore, we hold that the portion of the Respondent's order which vacates the decision of the State Tax Board is also invalid and beyond his jurisdiction. The Respondent held that IC § 6-3.5-1-12(e) mandates the Tax Control Board and the State Tax Board to authorize increases in property tax rates when the taxing unit has insufficient funds to operate mental health centers, courts and unemployment compensation programs. The statute contains no such mandatory language:
"(e) In respect to each such appeal the Tax Control Board may recommend to the State Tax Board that the following types of relief be afforded to the taxing unit... .
.....
"(g) The State Tax Board, upon receiving such recommendation, shall enter an order adopting, rejecting, or adopting in part and rejecting in part the recommendation of the Tax Control Board..."
IC § 6-3.5-1-12 (emphasis added.)
The statute unquestionably vests in the Tax Control Board and the State Tax Board the administrative discretion to consider the merits of appeals from taxing units for relief from the property tax levy limitations. It cannot possibly be read to mandate the boards to grant relief each time an appeal is filed.
Respondent further held that the State Tax Board, without legal authority, took into consideration the federal revenue sharing funds which Lake County would be receiving in the coming year. IC § 6-3.5-1-12(e)(v) and (ix) specifically require the Tax Control Board to "take into consideration all other revenues available to such taxing unit which could be applied for such purpose." Clearly, the State Tax Board is also authorized to take such revenues, including revenue sharing funds, into consideration in reviewing the decision of the Tax Control Board.
The Respondent's order therefore was based solely on a misinterpretation of the applicable statutes. Nowhere in the *1167 findings of fact are there any findings of fraud, arbitrariness, abuse of discretion or any other misdeeds within the proper scope of judicial review. Hence, the Respondent's order of mandate under Count I must be vacated. The Respondent is ordered to enter judgment for the Tax Control Board and the State Tax Board on Count I and is hereby prohibited from exercising any further jurisdiction over the subject matter contained in Count I of the complaint except to rule on any post-judgment motions filed by the parties.
Count II of the complaint charged that the State Tax Board's certification of the Lake County property tax rates for 1979 was based on the actual tax collections in 1978, rather than the statutory mandate. IC § 6-3.5-1-1(19) states that the 1979 ad valorem property tax levy means the total property taxes imposed by a taxing unit as shown by the abstract of taxes filed with the Auditor of State and as subsequently adjusted for post-abstract adjustments. Respondent held that this statute mandated the State Tax Board to consider only the abstract of taxes and post-abstract adjustments in reviewing the request for an increased rate by Lake County. In Finding of Fact No. 19, Respondent found that the State Tax Board had based its decision on the actual tax collections in 1978. On that ground, he vacated the Board's decision and mandated an increase in the property tax rate. The mandate as to a specified higher rate was improper for the same reasons set forth as to Count I.
We further hold that the Respondent's order to vacate the Board's decision was improper. IC § 6-3.5-1-1(19) is merely a definitional section. It is in no sense mandatory or exclusive. The abstract of taxes and post-abstract adjustments reflect only the assessed valuation of taxable real property and are only part of the calculation of a property tax rate. The other factor which is indispensable to the fixing of a tax rate is the proposed budget for the county government. The State Tax Board can exercise its authority under IC § 6-1.1-17-16 to "revise, reduce, or increase a political subdivision's budget, tax rate, or tax levy" without ever affecting the assessed valuation of property. In addition, the overall property tax limitation of IC § 6-3.5-1-3 utilizes in the calculation such figures as the ad valorem property tax levy and assessed valuation for prior years. Given this statutory scheme and the broad authority which the General Assembly has chosen to vest in the State Board of Tax Commissioners, we hold that, as a matter of law, the Board is not absolutely prevented from considering actual tax collections in prior years when reviewing the decision of the Tax Control Board.
It follows that the Respondent's order was beyond his jurisdiction. The findings of fact disclose no fraud, abuse of discretion or any other improper actions within the scope of judicial review. The Respondent's order under Count II, as in Count I, was based solely on a misapplication of a statute.
Accordingly, the Respondent is ordered to vacate its order of mandate and to enter judgment for the State Board and the Tax Control Board on both counts of the complaint. The Respondent is prohibited from exercising any further jurisdiction in this case except to rule on any post-judgment motions which may subsequently be filed.
The temporary writ of mandate and prohibition is hereby made permanent.
DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.