Julian **RIDLEN, as Treasurer of the State of Indiana, John T. Shettle, Superintendent of the Indiana State Police and Chairman of the Pension Advisory Board, Indiana State Police, James A. Theobald, David Crose, George Lewallen and Carl W. Lentz, as members of the Indiana State Police Pension Advisory Board, and Indiana State Police Board, Respondents-Appellants,**

v.

**Larry D. STOLLER, Petitioner-Appellee.**

No. 3–1285A334.

Court of Appeals of Indiana, Third District.

March 24, 1987.

---

Linley E. Pearson, Atty. Gen., Charles N. Braun, II, Deputy Atty. Gen., Indianapolis, for respondents-appellants.

Richard F. James, Donald R. Capp, James, James & Manning P.C., Dyer, for petitioner-appellee.

GARRARD, Presiding Judge.

This is an appeal from judicial review of an administrative decision by the Indiana State Police Pension and Benefit Fund Advisory Board (the Board).

Larry Stoller was an eighteen year veteran with the Indiana State Police having served as trooper, state police pilot and detective within the Special Investigations Section.

In 1982 he applied to the Board requesting a line of duty disability status for mental illness and medical expense reimbursement. At the Board-conducted hearing Stoller testified concerning the circumstances relating to his depressive condition and his belief that his condition was work related. He presented medical reports from Doctors Babcoke, Pressner and Flanders. They were in agreement that Stoller was suffering from a major depression and unfit for duty. They attributed Stoller's depression to chronic job-related stress over the years and the organization, or Stoller's perception of the organization, of the Indiana State Police.

State police officers Bolin and Williams also appeared and testified regarding Stoller's performance over the previous year or two. In essence Bolin testified that Stoller was not motivated to go out and investigate as he should have. Williams testified to the same sort of inaction by Stoller, his own frustration with it and his recommendation that Stoller be demoted. While both Officers Bolin and Williams testified at some length concerning the problems they observed or encountered with Stoller, none of their testimony appears to be inconsistent with a picture of Stoller as someone experiencing a major depressive episode in his life.

After hearing the evidence, the Board determined Stoller had failed to establish his disability was work related and denied relief. On judicial review the trial court reversed, found Stoller eligible for benefits and directed the Board to comply. The Board appeals.

At the outset we must note, as did the trial judge in his findings, a puzzling feature about this case. Nowhere in the record have any of the parties presented or even alluded to any rules or regulations applicable to either of Stoller's claims purporting to define an officer's entitlement to benefits.

Throughout the proceedings the Board has, however, tacitly conceded that if Stoller's medical expenses were for a service-connected illness and he was disabled in consequence of his service, he was entitled to the appropriate benefits. Upon that basis we proceed to the merits of the appeal.

From our examination of the record it appears that the underlying position of the Board[1] may well have been that in order for the necessary nexus to exist between Stoller's service in the department and his disability to qualify it as "service connected" or "in line of duty" there must have been some specific articulable traumatic event or events which could be identified as causing the disability. The Board also argues on appeal in the broader sweep that our function is not to reweigh evidence and that its decision was sustained by the evidence and, therefore, not arbitrary and capricious.

---

1. The Board made no special findings.

Assuming, as we must, that mental as well as physical disability may qualify an officer for medical expense reimbursement and disability status, and that there are no special contractual limitations between the parties which govern disposition of a particular claim, we identify (if somewhat loosely) four situations in which an officer may become mentally disabled during his employment. (1) A specific identifiable job-related event or events may cause his illness. (2) Stress, pressure, etc. generally associated with his work may over a period of time cause his illness. (3) The general pressures of life coupled with his own physical and emotional makeup may cause the illness. (4) Some specific identifiable event or events outside his job relationship may cause the illness.

In answer to the open question, such an employee would be entitled to benefits for service-connected or incurred disability in either situation (1) or (2). Our Supreme Court has already held as much in the worker's compensation context in *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969.

Thus, to the extent the Board's determination was based upon Stoller's failure to establish a specific articulable event as causing his disability, it is contrary to law and was properly overturned by the trial court.

The Board more broadly asserts on appeal that since we should not reweigh the evidence, its decision should be affirmed because it might have found either that Stoller was not disabled or that his disability was not service incurred.

In examining this question we are well aware of the rubric against reweighing the evidence. On the other hand, Stoller's burden with the trial court was met if the Board's decision was unsupported by substantial evidence. IC 4–22–1–14; *Dept. of Financial Inst. v. State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248.

We think the record before us demonstrates that he met that burden and the trial court was correct in setting aside the Board's determination. The court was in error, however, when it proceeded to add its own findings and order specific relief.

*State ex rel. State Bd. of Tax Comm'rs. v. Marion Sup. Ct.* (1979), 271 Ind. 374, 392 N.E.2d 1161.

There is no doubt that the Board proceeding suffered from lack of live medical testimony so that the witnesses' opinions could be explored, expanded upon and examined in light of the testimony of Officers Bolin and Williams. The trial court, as this court, is nevertheless restricted to the record made.

There was expert evidence from two M.D.'s (Dr. Babcoke and Dr. Flanders) and one Ph.D. in psychology (Dr. Pressner). They each concluded that Stoller was unfit for duty, was suffering a major depressive episode and that the causative element was job-related stress.

The Board argues that it could have found Stoller ineligible because (1) Stoller had not been physically injured on the job; (2) he produced no evidence that anyone in the department was "out to get him;" (3) he was physically "healthy;" (4) Stoller stated the stress problems started in 1974 yet he made no claim until 1982; (5) there was evidence that he maintained a farm on the side; (6) his fellow workers did not testify to observing any alleged mental problems; and (7) his disability occurred at a time when he was doing little on the job, rather than doing much. Without some evidentiary basis in the record to establish a *reasonable* claim-defeating inference from these "facts" we find the conclusion now sought by the Board from them mere supposition or conjecture. Without something more, they did not create a valid basis to disregard the substantial evidence introduced establishing Stoller's claim.

We therefore affirm that portion of the trial court's judgment reversing the Board's determination, vacate that portion finding Stoller eligible for benefits, and remand with instructions to the court to remand this case to the Indiana State Police Pension Advisory Board for further proceedings consistent herewith.

STATON and MILLER, JJ., concur.