**MARION COUNTY BOARD OF REVIEW, Petitioner,**

v.

**STATE BOARD OF TAX COMMIS-SIONERS, Butler University, and Butler Associates Limited, Respondents.**

Cause No. 49T05–8709–TA–00040.

Tax Court of Indiana.

Dec. 16, 1987.

Sheila E. Kinney, City–County Legal Div., Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. by James R. Green, Deputy Atty. Gen., Barton T. Sprunger, Phillip J. Stoffregen, Mark J. Richards, Ice Miller Donadio & Ryan, Indianapolis, for respondents.

FISHER, Judge.

The Marion County Board of Review has filed a "Petition to Set Aside Final Determination of the State Board of Tax Commissioners." It alleges that the Respondent State Board's determination granting a 100% exemption for certain real property owned by Respondent Butler Associates Limited, and occupied and used for educational purposes by Respondent Butler University, was not supported by substantial evidence, was arbitrary, capricious, an abuse of discretion and in violation of constitutional, statutory and legal principles. The County Board also alleges that the

State Board's final determination was not made pursuant to the procedural dictates of IC 6–1.1–15–4(c), and was not accompanied by written findings. The County Board asks this Court not only to set aside the State Board's determination, but also to deny any exemption on the property at issue. The year in question is 1986.

Butler University and Butler Associates Limited, as non-governmental parties whose liability for taxes would be directly affected by the outcome of the County Board's petition, were joined as parties to this action under Ind.Rules of Procedure, Tax Court Rule 6. All three respondents filed a motion to dismiss under Ind.Rules of Procedure, Trial Rule 12(B)(1), on the grounds that this Court lacks subject matter jurisdiction.

■ IC 6–1.1–15–5 authorizes an appeal from a final determination of the State Board to this Court. Subsection (b) gives a "person" the right to appeal the State Board's final determination concerning that person's property. The term "person," as defined in IC 6–1.1–1–10, does not include a governmental unit such as the County Board. Moreover, the context of the statute clearly does not require a variant definition because the only "person" who can take the appeal under IC 6–1.1–15–5(b) is the owner of the property in dispute. The County Board is not the owner of the property, hence it is not the proper party to take this appeal under IC 6–1.1–15–5(b).

■ IC 6–1.1–15–5(f) authorizes an appeal of the State Board's final determination only by a county executive, when the county assessor has requested such action and certain jurisdictional amounts exist. The term "executive" is defined in IC 36–1–2–5(2) as "mayor of the consolidated city for a county having a consolidated city." Since the Mayor of Indianapolis has not instituted this appeal under IC 6–1.1–15–5(f), it has not been alleged that the county assessor made a request that he do so, and the required jurisdictional amounts are not present, the mandates of IC 6–1.1–15–5(f) are not met.

The County Board's reliance on IC 6–1.1–15–4(d), IC 33–3–5–2(d), and IC 33–3–5–

13(b) is misplaced because none of these statutes independently gives the County Board authority to bring an appeal. IC 6–1.1–15–4(d) merely places the responsibility on the State Board to give the taxpayer, township assessor, county assessor, and county auditor notice of final determination, a copy of the required determination form, and notice of the procedures to appeal under IC 6–1.1–15–5. IC 33–3–5–2(d) deals solely with "taxpayers" and IC 33–3–5–13(b) deals only generally with appeals.

Case law in Indiana also precludes the bringing of this appeal by the County Board. In *First National Bank of Seymour v. Isaacs* (1903), 161 Ind. 278, 287, 68 N.E. 288, 291, the Indiana Supreme Court held that the State Board's "decisions are final, except where by law they may be appealed from or reviewed by the courts." In *Fadell v. Kovacik* (1962), 242 Ind. 610, 613, 181 N.E.2d 228, 229, the Supreme Court held that no authority exists which gives a public official a common law right to appeal the final determination of another state agency. The Court in *Fadell* also pointed out that a statutory provision establishing a procedure for review excludes the use of a common law or equitable procedure. *Id.* (citing *Public Service Commission v. City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308; 1 I.L.E. *Administrative Law and Procedure* § 62, p. 191). Finally, in *Lentz v. Trustees of Indiana University* (1966), 248 Ind. 45, 221 N.E.2d 883, the Court held that a county official does not have standing to bring an appeal to question the State Board's grant of an exemption. The Court reiterated that the State Board is the final authority representing the State in matters of taxation and the final determination of the State Board is binding on all inferior officials. *Id.* 221 N.E.2d at 885.

The County Board correctly points out that while the statute relied upon in both *Fadell* and *Lentz* expressly stated that the actions of the State Board of Tax Commissioners were final and conclusive, the present statute does not do so. Acts 1975, Pub.L. 47 § 5, which changed the aforementioned statutory language, states that

the Act is only a codification and restatement. The substantive effect of the statute did not change. Two cases decided subsequent to the change in the statutory language recognize the finality of the State Board's decision. In *Hurt v. Polak* (1979), Ind.App., 397 N.E.2d 1051, the First District held that a county official could not directly challenge the validity of a determination of the State Board of Tax Commissioners and could not "achieve the same forbidden result by means of a collateral attack...." *Id.* at 1055 (citing *Fadell* and *Lentz*).

Additionally, in *State ex rel. State Board of Tax Commissioners v. Marion Superior Court* (1979), 271 Ind. 374, 392 N.E.2d 1161, the Supreme Court held that counties have standing to initiate an action to challenge a State Board of Tax Commissioner's determination as to the overall *ad valorem* property tax rates on the entire county. The Court pointed out that an appeal concerning the overall tax rates differs significantly from an exemption or reduced assessment on a particular owner of property as discussed in *Fadell* and *Lentz*. *Id.* 392 N.E.2d at 1165. The Court went on to point out that although IC 6–1.1–17–16(e) states that the State Board actions are final, there is a constitutional right to review of an administrative action. *Id.* In the present case, where the exemption concerns a particular owner's property, the constitutional right to review belongs solely to the owner of the property.

The County Board does not have a due process right to bring this appeal under either the Federal or State constitutions. The United States Supreme Court has held that the Fifth Amendment does not confer any due process right upon an instrumentality of the State. In *South Carolina v. Katzenbach* (1966), 383 U.S. 301, 323, 86 S.Ct. 803, 815, 15 L.Ed.2d 769 the Supreme Court states that "[t]he word 'person' in the context of the Due Process Clause of the Fifth Amendment cannot, by any reasonable mode of interpretation, be expanded to encompass the States of the Union...." *Accord Village of Arlington Heights v. Regional Transportation Authority* (7th Cir.1981), 653 F.2d 1149; *South Macomb Disposal Authority v. Township of Washington* (6th Cir.1986), 790 F.2d 500. The "due course of law" phrase in Article 1, § 12 of the Indiana Constitution, is "analogous to the due process clause of the Fourteenth Amendment." *Scalf v. Berkel, Inc.* (1983), Ind. App., 448 N.E.2d 1201, 1203. None of the members of the County Board has any individual due process rights with respect to the exemption of the property at issue. *Fadell*, 181 N.E.2d at 230. " 'Standing' is a restraint upon the court's exercise of its jurisdiction, in that it cannot proceed where there is no demonstrable injury to the complainant before it." *Gossett v. Auburn Nat. Bank of Auburn* (1987) Ind.App., 514 N.E.2d 309, 313.

The County Board does not have a statutory, common law, or constitutional right to bring this appeal. Decisions of the State Board can be appealed by county officials in only three instances: (1) when a certain jurisdictional amount is present and the action is brought by the county executive pursuant to IC 6–1.1–15–5(f); (2) when the action questions the overall *ad valorem* property tax rates; (3) when the State Board's decision is fraudulent. *Fadell*, 181 N.E.2d at 230. The State Board is responsible for the administration of the property tax laws; it must be assumed that it fulfills its responsibility as the final administrative authority. The County Board, being an inferior agency within the administrative process, cannot be allowed to take its superior to court every time it disagrees with what has been determined. This Court has no jurisdiction to enter into purely internecine disputes.

This Court does not have subject matter jurisdiction.

The motion to dismiss filed by Respondents is granted. This cause is dismissed.