658 N.E.2d 135 (1995)
Cheryl MUSGRAVE, Vanderburgh County Assessor, and Robert Harris, Scott Township Assessor, Petitioners,
v.
STATE BOARD OF TAX COMMISSIONERS and PPG Industries, Inc., Respondents.
No. 49T10-9506-TA-00057.
Tax Court of Indiana.
November 21, 1995.
*137 Dennis Brinkmeyer, Evansville, for Petitioners.
Pamela Carter, Attorney General, Marilyn S. Meighen, Deputy Attorney General, Indianapolis, for Respondent State Board of Tax Commissioners.
Barton T. Sprunger, Ice Miller Donadio & Ryan, Indianapolis, for Respondent PPG Industries, Inc.

*136 ORDER ON MOTIONS TO DISMISS
FISHER, Judge.
On June 1, 1995, Vanderburgh County Assessor, Cheryl Musgrave, and Scott Township Assessor, Robert Harris (collectively the Assessors) appealed the final determination of the State Board of Tax Commissioners (the State Board) dismissing the Scott Township Assessor's Petitions for Review of Assessment (Forms 131). In response, the State Board and PPG filed separate motions asking the court to dismiss the appeal pursuant to Ind.Trial Rule 12(B)(1) or 12(B)(6). The case is now before the court on the State Board's and PPG's motions to dismiss.

ISSUES
I. Whether the Assessors' original tax appeal should be dismissed because the court lacks subject matter jurisdiction to entertain it.
II. Whether the Assessors' original tax appeal should be dismissed because the Assessors lack standing to bring their appeal to the Tax Court.
III. Whether the Assessors' original tax appeal should be dismissed because their complaint fails to state a claim upon which relief can be granted.

FACTS & PROCEDURAL HISTORY
PPG is a corporation licensed to do business in the State of Indiana. It maintains a manufacturing facility in Evansville.
In the spring of 1994, PPG challenged the assessment of its business personal property for the tax years 1990, 1991, 1992, and 1993 by filing four Petitions for the Correction of Errors (Forms 133).[1] In its Forms 133, PPG asserted that the taxes imposed were illegal as a matter of law for various reasons, including the reason that certain items of property had been taxed both as business personal property and realty.
After considering PPG's Forms 133, the Scott Township Assessor, the Vanderburgh County Auditor, and the Vanderburgh County Treasurer determined that PPG was not entitled to relief. They forwarded PPG's Forms 133 to the Vanderburgh County Board of Review, as required by law.[2] The Vanderburgh County Board of Review then considered PPG's Forms 133. It determined that PPG was entitled to relief and reversed the determination of the Scott Township Assessor, the Vanderburgh County Auditor, and the Vanderburgh County Treasurer.
Believing that the Vanderburgh County Board of Review erred, the Scott Township Assessor filed Petitions for Review of Assessment (Forms 131) with the State Board pursuant to IND.CODE 6-1.1-15-3(b).[3] The State Board, however, dismissed the Scott Township Assessor's Forms 131 on the *138 ground that neither I.C. 6-1.1-15-3(b) nor any other statute conferred upon him a right to appeal the Vanderburgh County Board of Review's determination.
On June 1, 1995, the Assessors[4] filed this original tax appeal seeking to reverse the State Board's final determination. In response, the State Board and PPG filed separate motions asking the court to dismiss the appeal pursuant to T.R. 12(B)(1) or 12(B)(6). The court will now address those motions.

DISCUSSION & ANALYSIS

I. The Court's Subject Matter Jurisdiction
The State Board and PPG first assert that this court lacks subject matter jurisdiction over the Assessors' appeal. They request that the case be dismissed pursuant to T.R. 12(B)(1).
Subject matter jurisdiction is the power of a court to hear and determine the general class of cases to which the proceedings before it belong. Bielski v. Zorn (1994), Ind.Tax, 627 N.E.2d 880, 883. Subject matter jurisdiction does not depend on the sufficiency of the assertions in the complaint or petitioner's right to relief. In re Adoption of H.S. (1985), Ind.App., 483 N.E.2d 777, 780. Rather, subject matter jurisdiction depends on whether the type of claim advanced by the petitioner falls within the general scope of authority conferred upon the court by constitution or statute. Id.
As set forth in IND.CODE 33-3-5-2(a)(2), this court has "exclusive jurisdiction over any case that arises under the tax laws of this state and ... is an initial appeal of a final determination made by ... the state board of tax commissioners." Accordingly, this court has subject matter jurisdiction over the Assessors' appeal if: 1) it arises under the tax laws of the State of Indiana, and 2) it is an initial appeal of a final determination made by the state board of tax commissioners.
The Assessors' appeal arises under the tax laws of the State of Indiana, for the Assessors claim that I.C. 6-1.1-15-3(b) gives them a right to appeal the Vanderburgh County Board of Review's determination to the State Board. The Assessors' appeal is also an initial appeal of a "final determination" made by the state board of tax commissioners, for the State Board's "Order Dismissing (the Scott Township Assessor's Form 131) Petitions" is an order that determines the rights of the Assessors, ends the administrative process, and leaves nothing further to be decided. See Downing v. Board of Zoning Appeals (1971), 149 Ind.App. 687, 690-91, 274 N.E.2d 542, 544-45.
The court thus finds that it has subject matter jurisdiction. The T.R. 12(B)(1) motions filed by the State Board and PPG are denied.

II. Standing
Next, the State Board and PPG assert that the Assessors have no standing to bring this appeal to the Tax Court. They request that this case be dismissed pursuant to T.R. 12(B)(6).
Standing is a judicial doctrine which focuses on "whether the complaining party is the proper person to invoke the court's power." Bielski, 627 N.E.2d at 888. Standing serves as a limit on a court's jurisdiction over a particular case,[5] for a court may only resolve real controversies in which the complaining party has a personal stake in the outcome of the lawsuit and has sustained, or is in immediate danger of sustaining, some direct injury as a result of the complained of conduct. Shourek v. Stirling (1993), Ind., *139 621 N.E.2d 1107, 1109. The issue of standing is properly raised via a T.R. 12(B)(6) motion, for a party's lack of standing will deprive a court of jurisdiction over a particular case. See Browning, 620 N.E.2d at 31.
IND.CODE 6-1.1-15-5 authorizes an appeal from a final determination of the State Board to the Tax Court. See also Marion County Bd. of Review v. State Bd. of Tax Comm'rs (1987), Ind.Tax, 516 N.E.2d 1129, 1130. That statute, however, does not authorize any person to appeal to the Tax Court. It authorizes only property owners, and in limited circumstances, county executives to appeal to the Tax Court. I.C. 6-1.1-15-5(b) & (f); Marion County Bd. of Review, 516 N.E.2d at 1130. The Assessors are not the owners of the property at issue, and neither assessor is the county executive. See IND.CODE 36-1-2-5. Thus, at first glance it might appear that the Assessors do not have standing to bring their case to this court.
Upon closer examination of the law, however, it becomes apparent that there are instances when local officials have standing to challenge a State Board final determination, despite the limitations seemingly imposed by I.C. 6-1.1-15-5. See Marion County Bd. of Review, 516 N.E.2d 1129 (citing State ex rel. State Bd. of Tax Comm'rs v. Marion Superior Court (1979), 271 Ind. 374, 392 N.E.2d 1161 and recognizing that counties and officials thereof have standing to challenge the overall ad valorem property tax rates on the entire county despite the limitations seemingly imposed by I.C. 6-1.1-15-5). Indeed, our Supreme Court has distinguished between: 1) cases in which counties and county officials seek to challenge the "allowance or disallowance of an exemption or a reduced assessment of a particular owner of property," and 2) cases in which counties and county officials seek to challenge the State Board's "interpretation or application of a statute."[6]Marion Superior Court, 271 Ind. 374, 377-78, 392 N.E.2d 1161, 1164-65; see also Marion County Bd. of Review, 516 N.E.2d at 1131. Counties and county officials do not have standing to bring the former type of case. Id. They do, however, have standing to bring the latter type of case. Id.
The case before the court today falls within the later type of cases, for the Assessors challenge the State Board's interpretation or application of I.C. 6-1.1-15-3(b) as it applies to them, not as it applies to a particular taxpayer. Undoubtedly, the issue of the Assessors' appeal rights before the State Board arises in the context of a disagreement over the reduction of a particular taxpayer's assessment. This, however, does not preclude the Assessors from having standing. The issue of the Assessors' appeal rights is separate from PPG's assessment, and the court need not consider, nor has it been asked to consider, the correctness of PPG's assessment in order to decide the Assessors' appeal rights.
Further, if I.C. 6-1.1-15-3(b) requires the State Board to consider the merits of the Assessors' Forms 131, then the State Board, by refusing to do so, has denied the Assessors a right to review in direct contravention of the law. It would be anomalous for this court to hold that the Assessors have no standing to enforce a right specifically granted to them by the legislature. Cf. Marion Superior Court, 392 N.E.2d at 1165 ("It would be anomalous ... to hold that a county or its officials cannot resolve in a court of law a bona fide dispute with a state agency over the application of a state statute."). The court thus holds that the Assessors have standing to bring their case to the Tax Court.[7]

*140 III. The Sufficiency of the Complaint
Finally, the State Board and PPG assert that the Assessors' complaint fails to state a claim upon which relief can be granted. They ask that this case be dismissed pursuant to T.R. 12(B)(6).
A T.R. 12(B)(6) motion is used "`to test the legal sufficiency of a complaint; or, stated differently, to test the law of the claim, not the facts that support it.'" Bielski, 627 N.E.2d at 883, n. 3 (quoting Anderson v. Anderson (1979), Ind.App., 399 N.E.2d 391, 406). A T.R. 12(B)(6) motion will be granted only if it appears that the petitioner is not entitled to relief under any circumstances. Id.
In their complaint, the Assessors' assert that they have the right to appeal the Vanderburgh County Board of Review's decision on PPG's Forms 133 to the State Board under I.C. 6-1.1-15-3(b), which provides:
A township assessor or a member of a county board of review may obtain a review by the state board of tax commissioners of any assessment which he has made, upon which he has passed, or which has been made over his protest.
Relying on this statute, the Assessors maintain that the State Board acted contrary to law when it dismissed their Forms 131. They ask the court to order the State Board to consider the merits of their Forms 131. The court, however, cannot grant such relief.
In Indiana, there are two methods by which a taxpayer may appeal his or her property tax assessment. Williams Industries v. State Bd. of Tax Comm'rs (1995), Ind.Tax, 648 N.E.2d 713, 717, n. 3. The first method is the Petition for Review of Assessment, otherwise known as the Form 130/131 procedure.[8] The second method is the Petition for Correction of Errors, otherwise known as the Form 133 procedure. The Form 130/131 procedure and appeal rights thereunder are prescribed by IND.CODE 6-1.1-15-1 through IND.CODE 6-1.1-15-4. See also 50 I.A.C. 4.2-2-9; 50 I.A.C. 4.2-3-3. The Form 133 procedure and appeal rights thereunder are prescribed by I.C. 6-1.1-15-12. See also 50 I.A.C. 4.2-2-9; 50 I.A.C. 4.2-3-12.
While both the Form 130/131 and the Form 133 may be used to challenge objective errors in an assessment, the two procedures, including appeals therefrom, are separate and distinct. See Dalton Foundries v. State Bd. of Tax Comm'rs (1995), Ind.Tax, 653 N.E.2d 548, 551. Indeed, the legislature would not have enacted separate procedures for challenging assessments, including separate appellate provisions, had it not intended for the Form 130/131 procedure, including appeals therefrom, to be separate and distinct from the Form 133 procedure, including appeals therefrom.
If PPG had filed Forms 130, the Assessors could have appealed the Vanderburgh County Board of Review's decision to the State Board via Forms 131, for I.C. 6-1.1-15-3(b) specifically grants township assessors and members of a county board of review[9] the right to appeal to the State Board from a county board of review's determination on a Form 130. PPG, however, did not file Forms 130. PPG filed Forms 133, and I.C. 6-1.1-15-12 does not grant township assessors and members of a county board of review the right to appeal to the State Board from a county board of review's determination on a Form 133. The only person authorized to appeal to the State Board from a determination by a county board of review on a Form 133 is the taxpayer. Indeed, I.C. 6-1.1-15-12(e) provides only that "[a] taxpayer may appeal a determination of the county board of review to the state board of tax commissioners for a final administrative determination." (Emphasis added). In this case the taxpayer is PPG.
*141 No statute authorizes township and county assessors to appeal a county board of review's decision on a Form 133 to the State Board. Further, township and county assessors have no common law right to appeal a county board of review's decision on a Form 133 to the State Board. See Marion County Bd. of Review, 516 N.E.2d at 1130 (citing Fadell v. Kovacik (1962), 242 Ind. 610, 613, 181 N.E.2d 228, 229). Because township and county assessors have no right to appeal a county board of review's decision on a Form 133 to the State Board under any circumstances, the Assessors' complaint fails to state a claim upon which relief may be granted.

CONCLUSION
For the reasons stated above, the court DENIES the T.R. 12(B)(1) motions filed by the State Board and PPG, but GRANTS their T.R. 12(B)(6) motions on the ground that the Assessors' complaint fails to state a claim upon which relief can be granted. The case is dismissed.
NOTES
[1] See IND.CODE 6-1.1-15-12; 50 I.A.C. 4.2-2-9; 50 I.A.C. 4.2-3-12.
[2] See IND.CODE 6-1.1-15-12(d).
[3] I.C. 6-1.1-15-3(b) provides:

A township assessor or a member of a county board of review may obtain a review by the state board of tax commissioners of any assessment which he has made, upon which he has passed, or which has been made over his protest.
[4] The court notes that the Vanderburgh County Assessor was not named as a petitioner in the Scott Township Assessor's Forms 131 and joined this suit only after the State Board dismissed the Scott Township Assessor's Forms 131. Her presence in this suit, however, does not affect the outcome of the case. Consequently, the court finds no reason to separately address her standing.
[5] Jurisdiction over a particular case means "`the right, authority, and power to hear and determine a specific case within that class of cases over which a court has subject matter jurisdiction.' " Browning v. Walters (1993), Ind.App., 620 N.E.2d 28, 31 (emphasis in original) (quoting City of Marion v. Antrobus (1983), Ind.App., 448 N.E.2d 325, 329). "A court can have subject-matter jurisdiction over a class of cases and not have jurisdiction over a particular case due to the facts of that case." Id.
[6] Specifically, our Supreme Court stated that counties and officials thereof "possess standing to challenge an interpretation or application of a statute if it can be demonstrated that [they] ... seek[] the resolution of a legitimate controversy surrounding the operation of the statute." Marion Superior Court, 271 Ind. at 377-78, 392 N.E.2d at 1164.
[7] As noted earlier, this "court has exclusive jurisdiction over any case that arises under tax laws of [the State of Indiana] and ... is a final determination of the ... state board of tax commissioners." I.C. 33-3-5-2(a). Consistent with the legislature's intent when it created the Tax Court "to provide a single authoritative voice on state tax matters," the court holds that the Assessors have standing before this court and not a court of general jurisdiction. See Bielski, 627 N.E.2d at 886.
[8] The Form 130 is used to petition a county board of review for a review of assessment. I.C. 6-1.1-15-1; 50 I.A.C. 4.2-3-3. The Form 131 is used to appeal a county board of review's decision on a Form 130 to the State Board. I.C. 6-1.1-15-3; 50 I.A.C. 4.2-3-3. A Form 130 is a prerequisite to a Form 131. I.C. 6-1.1-15-3; Reams v. State Bd. of Tax Comm'rs (1993), Ind. Tax, 620 N.E.2d 758, 759.
[9] The county assessor is a member of the county board of review. IND.CODE 6-1.1-28-1.