WILLIAM JOHN JACOBS and SANDRA LYNN JACOBS, Petitioners,
v.
DEPARTMENT OF LOCAL GOVERNMENT FINANCE, Respondent.
Cause No. 45T10-0504-TA-43.
Court of Appeals of Indiana.
August 31, 2006.
WILLIAM JOHN JACOBS, Highland, IN, PETITIONERS APPEARING PRO SE.
STEVE CARTER, ATTORNEY GENERAL OF INDIANA, KRISTEN M. KEMP, JENNIFER E. GAUGER, DEPUTY ATTORNEYS GENERAL, ATTORNEYS FOR RESPONDENT.

ORDER ON RESPONDENT'S MOTION TO DISMISS
FISHER, J.
William John Jacobs and Sandra Lynn Jacobs (the Petitioners) have appealed the final determination of the Indiana Board of Tax Review (Indiana Board) valuing their real property for the 2002 tax year. The matter is currently before the Court on the Department of Local Government Finance's (DLGF) motion to dismiss. For the reasons stated below, the Court GRANTS the DLGF's motion.

FACTS AND PROCEDURAL HISTORY
The Petitioners own residential property in Lake County, Indiana. For the March 1, 2002 assessment, the Department of Local Government Finance (DLGF) assigned the Petitioners' property an assessed value of $182,800 (land at $27,800 and improvements at $155,000).
Believing this value to be too high, the Petitioners appealed the assessment to the Indiana Board. On September 8, 2004, the Indiana Board conducted a hearing on the Petitioners' appeal. On March 7, 2005, the Indiana Board issued a final determination in which it affirmed the DLGF's assessment.
The Petitioners filed an appeal with this Court on April 19, 2005. On August 10, 2005, the DLGF moved to dismiss the case on the basis that the Court lacked subject matter jurisdiction. More specifically, the DLGF asserted that, pursuant to Tax Court Rule 3(E), the Petitioners were required to file a copy of the agency record with the Court within thirty days of receiving notice from the Indiana Board that the record was prepared  and they failed to do so.[1] The Court conducted a hearing on the DLGF's motion on September 23, 2005. Additional facts will be supplied as necessary.

ANALYSIS
The DLGF's motion asserts that the Court must dismiss the Petitioners' appeal. Specifically, the DLGF explains that by failing to timely file the agency record, the Petitioners failed to trigger the Court's subject matter jurisdiction over the case. (See Resp't Br. In Supp. of Mot. to Dismiss at 2-4.)
"Subject matter jurisdiction is the power of a court to hear and determine the general class of cases to which the proceedings before it belong." Musgrave v. State Bd. of Tax Comm'rs, 658 N.E.2d 135, 138 (Ind. Tax Ct. 1995) (citation omitted). A determination as to whether subject matter jurisdiction exists solely "on whether the type of claim advanced by the petitioner falls within the general scope of authority conferred upon the court by constitution or statute." Id. (citation omitted).
The general scope of authority conferred upon the Tax Court is governed by Indiana Code § 33-26-3-1. This statute provides that the Tax Court has "exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination" of the Indiana Board. IND. CODE ANN. § 33-26-3-1 (West 2005). The Petitioners' appeal meets both jurisdictional prerequisites: it challenges the assessment of Indiana's property tax and it requests review of a final determination of the Indiana Board. (See Pet'rs Pet. (filed April 19, 2005).) Accordingly, contrary to the DLGF's assertion, the Court has subject matter jurisdiction over the Petitioners' appeal.
Nevertheless, the Indiana Supreme Court has recently explained that an appeal can be subject to dismissal if: 1) in bringing the appeal, the taxpayer failed to meet certain procedural requirements; and 2) the opposing party timely objects to the taxpayer's failure to meet those requirements. See Clay Twp. Assessor v. Shoopman, Case No. 49S10-0509-TA-414, slip op. (Ind. Aug. 23, 2006). Unfortunately for the Petitioners, such is the case here.
Indiana Tax Court Rule 3(E) provides that
[i]n original tax appeals [from final determinations of the Indiana Board], the petitioner shall request the Indiana Board [] to prepare a certified copy of the agency record within thirty (30) days after filing the petition. . . . The petitioner shall transmit a certified copy of the record to the Tax Court within thirty (30) days after having received notification from the Indiana Board [] that the record has been prepared.

Ind. Tax Court Rule 3(E) (emphasis added). Here, the Petitioners requested the Indiana Board to prepare the agency record when they initiated their original tax appeal on April 19, 2005. On May 4, 2005, the Indiana Board notified the Petitioners that the record was prepared. While the Petitioners paid for the record on May 18, 2005, they did not file the record with the Court within the thirty-day time requirement.[2] The DLGF timely objected to the Petitioners' failure to file the record in its motion to dismiss. Accordingly, the Petitioners' appeal challenging their 2002 property assessment must be dismissed.

CONCLUSION
For the foregoing reasons, the DLGF's motion to dismiss is granted.
SO ORDERED.
NOTES
[1] In its motion, the DLGF simply states that the Petitioners failed to comply with the record-filing requirements of either Indiana's Administrative Orders and Procedures Act (AOPA) or Indiana Tax Court Rule 3(E). AOPA provides that "[w]ithin thirty (30) days after the filing of the petition . . . the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action[.]" IND. CODE ANN. § 4-21.5-5-13(a) (West 2005). Indiana Tax Court Rule 3(E) provides that "[i]n original tax appeals [from final determinations of the Indiana Board]. . . [t]he petitioner shall transmit a certified copy of the record to the Tax Court within thirty (30) days after having received notification from the Indiana Board [] that the record has been prepared." Ind. Tax Court Rule 3(E). Because the Indiana Supreme Court has recently explained that compliance with Tax Court Rule 3(E) is, ultimately, what governs in original tax appeals, see Wayne County Property Tax Assessment Board of Appeals v. United Ancient Order of Druids-Grove #29, Case No. 49S10-0412-TA-504 (Ind. May 18, 2006), the Court construes the DLGF's argument accordingly.
[2] In fact, as of September 23, 2005 (the date the Court conducted a hearing on the DLGF's motion to dismiss), the Petitioners had not yet filed the agency record. The Court notes that while Mr. Jacobs was prepared to present the record during the hearing, it advised him to wait until after the Court ruled on the DLGF's motion. (See Mot. to Dismiss Hr'g Tr. at 6-8.)