STATE BOARD OF TAX COMMISSIONERS *v.* VALPARAISO
GOLF CLUB, INC.

[No. 3-1273A174. Filed July 8, 1975.]

*Theodore L. Sendak,* Attorney General, *John L. Hess,* Deputy Attorney General, for appellant.

*George W. Douglas,* of Valparaiso, for appellee.

GARRARD, J.—Valparaiso Golf Club, Inc. (Golf Club) appealed to the court the property tax assessment of its real estate of $500 per acre (representing actual value of $1,500 per acre). The trial court found that the assessment was contrary to law and ordered remand to the State Board of Tax Commissioners (the Board) for further proceedings. The Board appeals, asserting that various findings and conclusions entered by the court were not sustained by the evidence and were contrary to law. We initially note that in its judgment, the court found the value of the greens on the golf course to be $1,500 each for purposes of property tax evaluation. In so doing, the court exceeded its authority and that portion of its decision is contrary to law. *Indiana State Bd. of Tax Comm.* v. *Pappas* (1973), 158 Ind. App. 327, 302 N.E.2d 858. Pursuant to Indiana Rules of Procedure, Appellate Rule

15(M), the court's judgment is hereby corrected by eliminating such finding.

In its finding No. 10 the court found the Board acted arbitrarily in fixing valuation solely on the basis of use and without any standards of valuation for land for such use. As this finding is sufficient to sustain the judgment and is supported by the evidence, we need not discuss the other findings made by the court to which the Board has taken exception.

IC 1971, 6-1-33-2 provides:

"The rules, regulations and standards adopted by the State Board of Tax Commissioners, together with any amendments or modifications thereof, shall constitute the basis for the determination of true cash value, it being intended that all assessments shall be on the basis of just valuations, *taking into consideration all of the elements* referred to in this article, [6-1-33-1—6-1-33-8], insofar as the same may be applicable." (Emphasis supplied)

IC 1971, 6-1-33-3 then provides:

"For the purpose of securing a just valuation of the taxation of real property, the *rules, regulations, standards and conversion tables* adopted by the State Board of Tax Commissioners shall provide for the classification of lands on the basis of acreage, lots, size, location, use, productivity or earning capacity, applicable zoning provisions, accessibility to highways, sewers and other public services and advantages, and such other bases as may be just and proper; . . . The rules, regulations and standards shall set forth the methods and instructions for determining the following:

(a) The proper classification of lands and improvements;

(b) The size thereof;

(c) The effect of location and use on values;

(d) The deprieciation, including physical deterioration, or functional, economic or social obsolescence;

(e) The cost of reproduction of improvements;

(f) The productivity or earning capacity;

(g) The capitalization of income;

(h) The valuation of lands and improvements on the basis of the foregoing elements and such other elements as may be just and proper."

In compliance with these statutory requirements, the Board has adopted an appraisal manual governing the appraisal of many types of property. However, at the trial, it was conceded that the appraisal manual contains no rules, regulations or standards applicable to the appraisal of golf courses.

Furthermore, at the trial, the witnesses for the Board specifically testified that use was the only factor they considered or used in fixing the valuation. From that testimony of the Board's own witnesses, the court was justified in determining that the Board had violated the statutory mandate of IC 1971, 6-1-33-2 that it take into consideration all of the elements enumerated in IC 1971, 6-1-33-3 insofar as the same might be applicable. In other words, while the statute does not require that the Board utilize every element listed as a factor in every appraisal, it does require the Board to consider the enumerated elements, to determine whether the enumerated elements are applicable to the appraisal situation at hand and then to consider those elements that are applicable. It was therefore arbitrary action by the Board to refuse to consider any of the other factors enumerated in IC 1971, 6-1-33-3. *State Board of Tax Comm'rs.* v. *Chicago, M. St. P. and Pac. Ry. Co.* (1951), 121 Ind. App. 302, 96 N.E.2d 279.

For the reasons herein stated, the trial court's additional finding that the golf course has the same market value as the surrounding land (except for the greens) was erroneous.

Accordingly, the trial court's decision that the assessment be remanded to the Board for further proceedings was correct.

The judgment as corrected herein is therefore affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 330 N.E.2d 394.