STATE BOARD OF TAX COMMISSIONERS, CARLTON L. PHILLIPPI, CHAIRMAN, DURWOOD S. STRANG AND TAYLOR I. MORRIS, JR. AS MEMBERS OF THE STATE BOARD OF TAX COMMISSIONERS *v.* THE FARMERS COOPERATIVE COMPANY OF REMINGTON, INDIANA

[No. 3-1076A243. Filed December 8, 1977.]

*Theodore L. Sendak,* Attorney General, *Jack R. O'Neill,* Deputy Attorney General, for appellants.

*William J. Moriarty, Jr., Dumas & Moriarty,* of Rensselaer, for appellee.

HOFFMAN, J. — Defendants-appellants Indiana State Board of Tax Commissioners (Board) appeal from the judgment of the trial court declaring that the Board's final assessment determinations of plaintiff-appellee's The Farmers Cooperative Company of Remington, Indiana (Farmers Cooperative) business personal property for the years 1972 and 1973 were improper.

Farmers Cooperative filed four separate actions against the Board. Two of these actions sought review of the Board's final assessement determination of the business personal property of Farmers Cooperative located in Jasper County on March 1, 1972, and on March 1, 1973. The other two actions sought review of the board's action in assessing business personal property located in Newton County on March 1 of each of the subject years. Subsequently, the actions in the Newton Circuit Court were venued to Jasper County and the four cases were consolidated for trial in the Jasper Circuit Court. Trial to the court resulted in a judgment for Farmers Cooperative. The findings of fact and conclusions of law entered by the trial court set forth several alternative grounds supporting the trial court's action in setting aside the final assessment determinations of the Board.

On appeal Board makes several assertions of error, including an assertion that the trial court erred in finding that Farmers Cooperative was entitled to an exemption from taxation for grain intended for shipment to out-of-State buyers before March 1, but held beyond such date due to circumstances beyond the control of Farmers Cooperative. In view of our resolution of this issue, we need not discuss the assertions of error relating to the alternative grounds for the trial court's decision.

Regulation No. 16, § 1.5, issued by the Board for Assessment of Tangible Personal Property provides, in pertinent part, as follows:

"Filing requirements.—Every person including any firm, company, partnership, association, corporation, fiduciary or individual owning, holding, possessing or controlling personal property with a tax situs within the state on March 1 of any year is required to file personal property tax return * * * ." Ind. Admin. Rules and Regs. (6-1.1-3-9)-5 (Burns Code Ed.), (formerly Ind. Admin. Rules and Regs. (64-602)-66 (1974 Burns Supp.)).

Section 3.3(A)(3)(b) of Regulation No. 16, provides an exemption for certain personal property in interstate commerce and sets forth certain categories of property as illustrative of scope of the interstate commerce exemption, as follows:

"(3) EXEMPTION—The following categories of property are illustrations of the scope of exemption for interstate commerce provided in this section:

* * * * *

(b) Property held by the taxpayer beyond the intended shipment date where the intended date was on or prior to the assessment date, and due to circumstances beyond the control of the taxpayer, the property remained in the taxpayer's possession. * * *" Ind. Admin. Rules and Regs. (6-1.1-3-9)—32 (Burns Code Ed.), (formerly Ind. Admin. Rules and Regs. (64-602)-102 (1974 Burns Supp.)).[1]

Appellants contend that since the grain could have been shipped after March 1 and still have been within the terms of the contracts for the shipment of grain, Farmers Cooperative would not be entitled to exemption. Thus, appellants contend that the "intended shipment date" is the equivalent of the contract date. However, in giving the words of the regulation their plain and ordinary meaning, it must be concluded that the terms of the contract do not necessarily determine the intended shipment date within the meaning of the regulation. Intent is a mental state of an actor, the existence of which may be proved by evidence of a party's understanding, statements, conduct or other relevant evidence. 12 I.L.E., *Evidence* § 46, at 469. Although the last date by which shipment

1. Although Ind. Admin. Rules and Regs. (6-1.1-3-9)-32 (Burns Code Ed.), has been amended from the former Ind. Admin. Rules and Regs. (64-602)-102 (1974 Burns Supp.), such amendments have not affected the particular provisions here under consideration.

is to be permitted under the contract may be evidence of a party's intent, such particular mode of proof is not conclusive on the issue. If the Board in adopting the regulation had intended the contract date to be controlling, it would have been a simple matter to have so provided.

In the case at bar, there was evidence that the contracts for shipment of grain dated prior to March 1, 1972, were intended to be shipped before March 1, 1972, and that those contracts dated before March 1, 1973, were intended to be shipped prior to March 1, 1973. During the periods in question, Farmers Cooperative had requested from Penn Central a sufficient number of rail cars to ship the grain. Farmers Cooperative's facilities were sufficient to ship the grain. However, the grain was not shipped by the respective March 1 dates because of the inability to obtain delivery of the requested Penn Central rail cars. Penn Central was the only rail line serving Farmers Cooperative. Further, when the requested number of cars were not forthcoming, Fred D. Goad, Manager of Farmers Cooperative, wrote letters to the President of Penn Central requesting the cars.

Richard L. Fox, the Assistant Manager of Farmers Cooperative during the time in question, testified that they received no cars during the period from March 1 to the 15th of 1973, and that the elevators were closed for varying periods of time from January 8 to May 1 because the elevators were full.

Thus the trial court did not err in finding that Farmers Cooperative intended to ship the grain prior to March 1 of the respective years but held such grain beyond March 1 due to circumstances beyond its control. Accordingly, the grain was entitled to exemption from personal property taxation.

The issue as to the system of valuation of the fungible grain commodities is controlled by our decision in *Ind. S. Bd. of Tax Com'rs. v. Lyon & Greenleaf Co.* (1977), 172 Ind. App. 272, 359 N.E.2d 931 (transfer denied).

Finally, appellant contends that the trial court erred in ordering that the business personal property tax returns of Farmers

Cooperative for the years 1972 and 1973 stand as originally filed. IC 1971, 6-1-31-4 (Burns Code Ed.),[2] requires a remand to the Board of all final assessment determinations of the Board which have been set aside by the trial court. Thus the trial court exceeded its authority in this regard. *State Board of Tax Com'rs. v. Valparaiso Golf Club, Inc.* (1975), 164 Ind. App. 687, 330 N.E.2d 394; *St. Bd. Tax Comm'rs. v. Pappas* (1973), 158 Ind. App. 327, 302 N.E.2d 858.

Accordingly, the judgment of the trial court is affirmed in part and reversed in part, with instructions to remand the case to the State Board of Tax Commissioners for proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part.

Staton, P.J. and Garrard, J. concur.

NOTE—Reported at 370 N.E.2d 389.

---

2. Repealed by Acts 1975, P.L. 47, § 4. For current law *see*, IC 1971, 6-1.1-15-8 (1976 Burns Supp.).