WELCH AVENUE FREEWILL BAPTIST
CHURCH, APPELLANT, *v.*
KINNEY, COMMR., APPELLEE.

(No. 82AP-993—Decided June 23, 1983.)

*Gibbs & Craze Co., L.P.A.,* and *Mr.
Michael J. Manuszak,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. James C. Sauer* and *Ms. Barbara E. Vest,* for appellee.

WHITESIDE, P.J. This is an appeal from the decision of the Board of Tax Appeals finding a 7.246-acre tract of land owned by appellant, Welch Avenue Freewill Baptist Church, not to be exempt from real estate taxation because such tract is not currently used for any purpose, and there is no indication that the tract will be used for an exempt use within a reasonable time.

Appellant seeks exemption of a 7.246-acre tract of land adjacent to a 5.759-acre tract of land, which is exempted and upon which is located a church building and a school house operated by the church. Adjacent to the latter tract is a 2.153-acre tract, also exempted, upon which is located a second school building, with the remainder of the tract being used as a playground and for a parking lot. The 7.246-acre tract sought to be exempt, consisting of two tax parcels, was vacant and overgrown with weeds and underbrush at the time that the application for exemption was filed. Appellant intends to lay out a football field, soccer field and tennis courts upon this tract so as to provide recreational accommodations for the students in attendance at its schools. Once the improvements, including bleachers, were in place, the property also would be used by appellant for outdoor worship services.

The land sought to be exempt is not currently being put to any use; however, appellant has plans to use the property in an exempt manner as soon as it is able to do so and is working to achieve that goal by soliciting funds. In working toward the proposed goal, appellant has cleared the tract of dense underbrush and performed some excavation work but has conducted no active fund-raising campaign for the sole purpose of improving this tract and has set no proposed completion date for

the improvement. Presently, appellant lacks the funds necessary to implement its plans for the property in question.

The foregoing are essentially the factual findings made by the Board of Tax Appeals from which it concluded that there is no indication that an exempt use will be made of the property within a reasonable time and, accordingly, found the property not to be exempt. Appellant raises four assignments of error, the first two of which read as follows:

"1. The Board of Tax Appeals erred in finding and determining based upon [the] existing record and * * * [as] a matter of law that the 7.246 acres of allegedly vacant land of the Appellant is not used exclusively for or necessary for the purposes of public worship pursuant to section 5709.07 of the Ohio Revised Code.

"2. The Board of Tax Appeals erred in finding and determining based upon [the] existing record and * * * [as] a matter of law that the Appellant failed to carry its burden of proof to establish a right to real property tax exemption under Section 5709.07 of the Ohio Revised Code for the 7.246 acres of allegedly vacant land of Appellant."

Appellant raises no direct contention that the factual findings of the Board of Tax Appeals are erroneous but, rather, contends that the conclusion from those factual findings, that appellant is not actively working toward use of the subject property for solely religious purposes, is unreasonable.

Appellant seeks exemption of this presently unused tract of land pursuant to R.C. 5709.07, which provides in part that: "* * * houses used exclusively for public worship, the books and furniture therein, and the ground attached to such buildings necessary for the proper occupancy, use, and enjoyment thereof * * * shall be exempt from taxation. * * *" In construing this section, the Supreme Court in *Holy Trinity Protestant Episcopal Church* v. *Bowers* (1961), 172 Ohio St. 103 [15 O.O.2d 173], held in the syllabus, as follows:

"A religious institution which purchases vacant land for the purpose of erecting a house of worship thereon is entitled to have such land exempted from taxation, where such institution is actively working toward use of such land for the public benefit; and the intent to make such a use of the land may be evidenced by a showing that plans had been prepared and funds were available, or were to be available, to effectuate actual construction of such house of worship within a reasonable time from the filing of the application for exemption."

Assuming the purposes for which appellant eventually intends to use the tract are sufficiently related to religion or the religious use of the other tract, the issue is whether appellant "is actively working toward" such use. As noted in *Holy Trinity,* such intent may be evidenced by demonstrating that plans have been prepared, and funds are available or will be available for actual construction of the necessary improvements "within a reasonable time" after filing the application for exemption. The Board of Tax Appeals found to the effect that, rather than actual plans having been prepared, appellant demonstrated only hopes and expectations of improving the property for use at some unspecified time in the future. Funds for the purpose were not available, and no means of acquiring necessary funds were demonstrated.

Under the evidence adduced, the finding of the Board of Tax Appeals that appellant has not met the *Holy Trinity* test is neither unreasonable nor unlawful. Thus, the first two assignments of error are not well-taken. The finding of the board that the vacant land is not used exclusively for or necessary for the purposes of public worship, within the meaning of R.C. 5709.07, is neither unreasonable nor unlawful. Likewise, the board's finding that appellant has not demonstrated a

right to exemption under R.C. 5709.07 is neither unreasonable nor unlawful.

Appellant's third and fourth assignments of error raise constitutional issues and read as follows:

"3. The decision of the Board of Tax Appeals violates the letter and spirit of Article I, Section 7 of the Constitution of the State of Ohio which states in pertinent part:

" '* * * [I]t shall be the duty of the general assembly to pass suitable laws to protect every religious denomination in the peaceable enjoyment * * * [of] its [own] mode of public worship * * *.'

"4. The decision of the Board of Tax Appeals results in a violation in the rights of the Appellant as protected by the religion clauses of the First Amendment to the United States Constitution."

We find no merit to either of these assignments of error.

The decision of the Board of Tax Appeals was made pursuant to the statutory provisions by which it is controlled, and specifically, R.C. 5709.07 in the present instance. Although before the Board of Tax Appeals appellant also relied upon R.C. 5709.12 and 5709.121, no issue with respect thereto has been raised on appeal. Both of these sections require actual use of the property for a charitable purpose. No such use is demonstrated.

Likewise, other statutes cited by appellant, including R.C. 5709.13, 5709.14, 5709.16, 5709.17 and 5709.18, all require actual use of the property for the appropriate exempt purpose before exemption is granted, although R.C. 5709.13 does permit exemption where the income, rather than the property itself, is used for an exempt purpose under certain circumstances. In any event, we find no basis for finding a violation of either the Ohio or United States Constitutions with respect to the exercise of religion, or the duty of the General Assembly to protect religion. There is nothing in the record indicating that the action of the Board of Tax Appeals in properly applying R.C. 5709.07 somehow violates appellant's religious freedom or creates an establishment of religion or denies appellant the peaceable enjoyment of public worship. The finding of the Board of Tax Appeals, which is not unreasonable but is supported by evidence, is that the land in question is not used for any purpose at the present time, although appellant has hopes and expectations of using the tract for recreational purposes and possibly also for outdoor worship services at some unforeseeable time in the future. When and if appellant's hopes and expectations come into fruition sufficiently to meet the *Holy Trinity* test, appellant may again apply for exemption from taxation. At present, however, we find no interference with any of appellant's religious rights or any of appellant's statutory rights, the record being clear that all property actually devoted by appellant to religious-related use is being treated as tax exempt.

For the foregoing reasons, all four assignments of error are overruled, and the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

McCORMAC and NORRIS, JJ., concur.