PEOPLES FAITH CHAPEL, INC., APPELLEE, *v.* LIMBACH, TAX COMMISSIONER, APPELLANT.

[Cite as Peoples Faith Chapel, Inc. *v.* Limbach (1985), 18 Ohio St. 3d 236.]

(No. 84-1645—Decided July 17, 1985.)

*Gibbs & Craze Co., L.P.A., David C. Gibbs, Jr.,* and *Brian Thompson,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Floyd J. Miller,* for appellant.

*Per Curiam.* The sole issue on appeal is whether the Board of Tax Appeal's decision overruling appellant's order and granting appellee's tax exemption was unreasonable and unlawful. The standard for review of decisions of the Board of Tax Appeals was set forth by this court in *Buckeye Power, Inc.* v. *Kosydar* (1973), 35 Ohio St. 2d 137 [64 O.O.2d 82], paragraph one of the syllabus as follows:

"* * * It is not the function of the court to substitute its judgment for that of the Board of Tax Appeals on factual issues, but only to determine from the record whether the decision rendered by the board is unreasonable or unlawful. * * *"

The statute governing the exemption claimed in this case is R.C. 5709.07, which states in pertinent part:

"Public schoolhouses and *houses used exclusively for public worship,* the books and furniture therein, *and the ground attached to such buildings necessary for the proper occupancy, use, and enjoyment thereof,* and not leased or otherwise used with a view to profit, public colleges and academies and all buildings connected therewith, and all lands connected with public institutions of learning, not used with a view to profit, *shall be exempt from taxation.*" (Emphasis added.)

In *Holy Trinity Protestant Episcopal Church* v. *Bowers* (1961), 172 Ohio St. 103 [15 O.O.2d 173], this court held that vacant land purchased by a church for the purpose of erecting a church building thereon at some future date was tax exempt if the land was not used in a commercial or non-exempt manner, and if the intent to use the property in a tax-exempt manner was "one of substance and not a mere dream." This holding and rationale can be extended and applied to vacant land purchased by a church to be used in any tax-exempt manner in the future.

In the instant case the lot in question did not contain the church building, nor is it included in the parcel set forth in the plans for a church school. The lot in question was not in use at all at the time appellee filed its application, but was being held for use in conjunction with the church and its proposed new building. The lot eventually came to be used to house a metal storage building which contains church maintenance materials. The church school is not yet under construction, though architectural plans have been drawn up. The attorney-examiner for the board viewed

photographs of the storage building and found that it was used to store church-related items, and was necessary for the use and enjoyment of the church building. R.C. 5709.07 specifically allows a tax exemption for property attached to a church which is necessary for its use and enjoyment.

Keeping in mind its present tax-exempt use, the *Holy Trinity* rationale allows a tax exemption for the 3.54-acre parcel at the time of the application. First, although the land was vacant at the time of appellee's application, appellee anticipated a tax-exempt future use. Second, appellee has never used the lot in a commercial or non-exempt manner. Finally, appellee's intent to use the lot in a tax-exempt manner was more than a mere dream. Even though appellee did not have the funding to complete an entire new church school, it erected a storage building which houses church property which will no longer fit in the existing church building. A more wealthy congregation may have constructed the original church building with an attached storage facility or a basement. It can not be argued that a basement used for storage at a church would not be tax exempt. Since the use of the land containing the storage facility was more than a mere dream at the time of application, and is now necessary for the use and enjoyment of the church, the board properly found it tax exempt.

Furthermore, this case can be distinguished from those in which parsonages were declared non-tax exempt. The primary purpose of a parsonage is to house those people who run the church. It is thus a residence. In the case at bar, no one lives in the storage house. Its only purpose is to store church property so that the sanctuary can be used for worship.

In conclusion, appellee contemplated a tax-exempt use for the property in question at the time of its application and has since put the property to a tax-exempt use. Thus, we find that the decision of the board granting appellee's tax exemption is neither unreasonable nor unlawful and is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.