**LeSEA BROADCASTING CORPORATION,**
Petitioner,

v.

**STATE BOARD OF TAX COMMISSIONERS,**
Respondent.

No. 29T05–8612–TA–00057.

Tax Court of Indiana.

June 17, 1988.

John R. Price, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. by Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

## STATEMENT OF THE CASE

This is an appeal from a final determination denying exemption from property tax for the year 1984. The exemption was denied for: 1) land in excess of fifty acres owned by LeSea for its transmitting facilities and tower in Marion County, and; 2) a building containing five apartments adjacent to LeSea's broadcasting facilities in Hamilton County. LeSea does not challenge the amount of the assessed value.

### I. MARION COUNTY PROPERTY

LeSea is an Indiana not-for-profit corporation organized for religious purposes. It owns and occupies a tract of land in Marion County upon which is located a concrete block building and a transmitting tower and dish. These structures, along with fifty acres of the tract, were found to be exempt by the State Board. The land exceeding fifty acres was denied exemption based on IC 6–1.1–10–16, which limits the exemption to fifty acres.

■ LeSea contends that IC 6–1.1–10–16, in its current form, exempts all of the land. This current statute, as amended by P.L. 74–1987, Sec. 4, became effective on July 1, 1987. Subsection (c)(2) of the current statute provides exemption for a tract if such tract was exempt under the subsection on March 1, 1987. LeSea contends that since it had previously been granted an exemption on the full acreage of the tract, and subsequent denial of the exemption on the full acreage had not been fully adjudicated on March 1, 1987, then the land was exempt under the current version of the statute as "a tract that was exempt under this subsection on March 1, 1987." LeSea cites to IC 6–1.1–15–10 in support of its contention.

The court disagrees with LeSea's interpretation of the statutes. IC 6–1.1–15–10 does not provide that property is exempt until final adjudication, merely that pay-

ment of the tax due is suspended until such adjudication is made. Acreage exceeding fifty acres was clearly not exempt at the time the increased assessment was made, nor was it exempt on March 1, 1987. The State Board's determination denying exemption for the excess acreage is correct.

## II. HAMILTON COUNTY PROPERTY

LeSea contends that its property in Hamilton County is used for religious purposes. The five unit apartment building in question is used to house ordained ministers connected with LeSea, engineers assisting with the installation of transmitting facilities, carpenters and electricians involved in building sets at the television studios, and persons, including guest speakers, working on LeSea's telethons.

The hearing officer initially denied the exemption claim because all residence facilities must qualify for exemption under IC 6–1.1–10–21.[1] The final determination of the State Board does not mention IC 6–1.1–10–21.

The exemption was denied because the property was not predominantly used for religious purposes under IC 6–1.1–10–16, as provided by IC 6–1.1–10–36.3. The hearing officer testified that, in her judgment, the people who stayed in the facility did so as a matter of convenience and to do so was not a necessity as far as the production of the TV programs was concerned.

Article 10, § 1 of the Indiana Constitution provides:

(a) The General Assembly shall provide, by law, for a uniform and equal rate of property assessment and taxation and shall prescribe regulations to secure a just valuation for taxation of all property, both real and personal. The General Assembly may exempt from property taxation any property in any of the following classes:

(1) Property being used for municipal, educational, literary, scientific, religious or charitable purposes....

IC 6–1.1–10–16, under which LeSea has based its claim for exemption, provides:

(a) All or part of a building is exempt from property taxation if it is owned, occupied, and used by a person for educational, literary, scientific, religious, or charitable purposes.

There is no dispute that the property in question is owned and occupied by LeSea. The issue is whether the property is used predominantly for religious purposes.

"It is well established that statutes exempting property from taxation are to be strictly construed in favor of the tax, and the burden is upon the one claiming the exemption to show that the property clearly falls within the exemption statute." *Seventh–Day Adventists*, 512 N.E.2d at 938 (citing to *Storen v. Jasper County Farm Bureau Co–Operative Ass'n* (1936), 103 Ind.App. 77, 2 N.E.2d 432). The legislative purpose for the exemption should not be defeated, however, by construing the statute too narrowly. *Indianapolis Public Transp. Corp. v. Indiana Dep't of State Revenue* (1987), Ind.Tax, 512 N.E.2d 906, 908 (citing to *Indiana Dep't of State Revenue v. Cave Stone, Inc.* (1983), Ind., 457 N.E.2d 520; *Indiana Dep't of State Revenue v. Indiana Harbor Belt R.R. Co.* (1984), Ind.App., 460 N.E.2d 170, 174–75).

The function of the courts in interpreting a statute is to implement the intent of the legislature. *Richey v. Review Bd. of Indiana Employment Sec. Div.* (1985), Ind.App., 480 N.E.2d 968, 973. The language of the statute at issue is necessarily general and each case should be examined, if possible, under case law defining the parameters of the exemption. *State Board of Tax Comm'rs v. Warner Press, Inc.* (1969), 145 Ind.App. 20, 248 N.E.2d 405, 410, *modified on other grounds* (1970), 254 Ind. 183, 258 N.E.2d 621. In the case of judicial interpretation of exemption statutes, this court must juxtapose the possible extremes of interpretation. On the one hand is the policy of strict construction

---

**1.** This determination is contrary to law. *Indiana Ass'n of Seventh–Day Adventists v. State Bd. of Tax Comm'rs* (1987), Ind.Tax, 512 N.E.2d 936. Even if LeSea's property does not qualify for exemption under IC 6.1–1–10–21, it is not precluded from qualifying under IC 6–1.1–10–16 if it meets that statute's qualifications.

which discourages the granting of exemptions. On the other hand, "innocent collateral activities [and buildings] essential to the furtherance of the true purposes of the corporation should not blind the court to the genuineness of those purposes nor to the sincerity of their actual accomplishment." *Buffalo Turn Verein v. Reuling* (1935), Sup.Ct., 155 Misc. 797, 281 N.Y.S. 545, 546. The words " 'educational, literary, scientific, religious or charitable purposes' ... are to be defined and understood in their broad constitutional sense." *Indianapolis Elks Bldg. Corp. v. State Board of Tax Comm'rs* (1969), 145 Ind. App. 522, 251 N.E.2d 673, 679.

■ In *State Board of Tax Comm'rs v. Wright* (1966), 139 Ind.App. 370, 215 N.E. 2d 57, the Court of Appeals held that cabins used for temporary dwelling purposes by ministers and laymen attending religious conferences at a church owned summer camp were exempt from property tax. The court cited to cases from other jurisdictions which held personal living quarters to be exempt from taxation if "incidental and necessary" for the effective welfare of the exempt religious institution. *Id.* 215 N.E. 2d at 62. The rationale and wording of cases, statutes, and constitutions of other jurisdictions are relevant to this case because in construing an Indiana statute it is just as important to recognize what the statute does not say as it is to recognize what it does say. *Van Orman v. State* (1981), Ind.App., 416 N.E.2d 1301, 1305. A review of applicable cases reveals a broad range of standards which can be applied to interpret exemption language. *See generally* 84 C.J.S. *Taxation* §§ 281–82 (1987 Supp.) and cases cited therein. The "incidental and necessary" standard of *Wright* may be translated to mean "reasonably necessary" and not "essential or indispensable." *House of Rest of the Presbyterian Church In U.S. v. County of Los Angeles* (1957), 151 Cal.App.2d 523, 312 P.2d 392, 398.

However, stating a standard for interpreting the statute does not answer the question of whether the building at issue is exempt. The issue in *Wright* is easier to decide than the instant case because a camp requiring overnight stays cannot function without residence facilities necessary to carry out the exempt purposes of the taxpayer.

Whether a residence facility such as LeSea's is exempt as "used for religious purposes" is a case of first impression in Indiana. LeSea does not advertise the availability of the apartments. The apartments are not available to the general public as a water slide or theme park would be. The evidence indicates that the apartments are used exclusively by persons working to fulfill LeSea's corporate purpose of religious broadcasting, the employees perform various important functions, and the hours of LeSea's telethons require that employees and speakers be readily available.

However, this court should not usurp the role of the State Board in applying the appropriate standard to the facts of a particular case. *State Bd. of Tax Comm'rs v. Marion Superior Ct.* (1979), 271 Ind. 374, 392 N.E.2d 1161, 1166 (citing to *State Bd. of Tax Comm'rs v. Farmer's Co-op Co. of Remington* (1977), 175 Ind.App. 85, 370 N.E.2d 389; *State Bd. of Tax Comm'rs v. Pappas* (1973), 158 Ind.App. 327, 302 N.E. 2d 858). From the evidence it is apparent that the hearing officer and the State Board did not apply the "incidental and necessary" or "reasonably necessary" standard which *Wright* establishes.

This cause is therefore remanded to the State Board for consideration as to whether LeSea's apartments are reasonably necessary for the maintenance of its religious purpose.