**TRINITY EPISCOPAL CHURCH, Health and Hospital Corp. of Marion County, d/b/a Midtown Community Mental Health Center, Petitioners,**

v.

**STATE BOARD OF TAX COMMISSIONERS,**
Respondent.

No. 49T10–9610–TA–00143.

Tax Court of Indiana.

May 1, 1998.

that, *as a matter of law,* the barn and mobile home were not exempt.

Robert E. Johnson, Krieg DeVault Alexander & Capehart, Indianapolis, for petitioners.

Jeffrey A. Modisett, Attorney General, Vincent S. Mirkov, Deputy Attorney General, Indianapolis, for respondent.

FISHER, Judge.

Trinity Episcopal Church (Trinity) and Midtown Community Mental Health Center (Midtown)[1] appeal a final determination of the State Board of Tax Commissioners (State Board) denying Trinity a property tax exemption for a building Trinity owns located at 3333 North Meridian Street, Indianapolis, Indiana.

## FACTS AND PROCEDURAL HISTORY

Established in 1919, Trinity is a church located on the North side of Indianapolis at 3423 North Merdian Street. Over the years, Trinity has acquired a number of lots contiguous to the church building. Trinity has used these properties for religious, charitable, and educational programs as part of its ministry. On August 10, 1994, Trinity purchased the property (consisting of a building and a parking lot) that is the subject of this original tax appeal.

Shortly after the time that Trinity purchased the subject property, Midtown became interested in the subject property for use as a community mental health center. Thereafter, Trinity and Midtown entered discussions about the possibility of Midtown leasing the building for that purpose. It was immediately apparent that the building, although structurally sound, would need extensive interior renovations in order to meet Midtown's needs. The extensive renovations were costly, and Midtown did not have the capital to finance the renovations. Trinity and Midtown came to an agreement whereby Trinity would invest the capital needed to renovate the building, and Midtown would repay Trinity for the renovations over a long-term lease.

Trinity then began extensive renovations on the property. These renovations were in progress on the March 1, 1995 assessment date. On July 12, 1995, after the renovations were complete, Trinity leased the subject property to Midtown. Midtown currently uses the subject property as a community mental health center.

On May 3, 1995, Trinity filed an Application for Property Tax Exemption with the Marion County Board of Review (BOR). *See* IND.CODE ANN. § 6–1.1–11–3 (West 1989) (amended 1997). On July 28, 1995, the BOR granted the exemption for the parking lot, but denied the exemption for the building. Trinity filed a Form 132 Petition for Review of Exemption with the State Board on August 25, 1995. On April 15, 1996, a State Board hearing officer, Mr. Wayne Hudson, conducted a hearing concerning Trinity's petition. On September 18, 1996, the State Board issued its final determination granting the exemption for the parking lot, but denying the exemption for the building. In its final determination, the State Board found that Trinity owned, occupied, and used the parking lot in furtherance of exempt purposes because churchgoers used the parking lot. The State Board denied the exemption for the building because the State Board determined that the building was vacant and unoccupied on the assessment date. On October 28, 1996, Trinity filed an original tax appeal challenging the State Board's final determination. The parties tried this cause on September 16, 1997, and on March 16, 1998, this Court heard oral argument. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

█ This Court gives final determinations of the State Board great deference. Accord-

---

1. Midtown is a division of the Health and Hospital Corporation of Marion County (MCHHC).

*See* IND.CODE ANN. § 16–22–8–6 (West 1997) (establishing MCHHC).

ingly, a State Board final determination will only be reversed when the determination is unsupported by substantial evidence, is arbitrary or capricious, constitutes an abuse of discretion, or exceeds statutory authority. *See North Park Cinemas v. State Bd. of Tax Comm'rs,* 689 N.E.2d 765, 767 (Ind.Tax Ct.1997).

## Discussion

The Indiana Constitution empowers the General Assembly to exempt from property taxation property being used for "municipal, educational, literary, scientific, religious or charitable purposes." IND. CONST. art. X, § 1(a)(1). Pursuant to that authority, the Indiana General Assembly has provided that "[a]ll or part of a building is exempt from property taxation if it is owned, occupied, and used by a person for educational, scientific, religious, or charitable purposes." IND.CODE ANN. § 6-1.1-10-16(a) (West Supp.1997).

■ Like any other tax exemption statute, section 6-1.1-10-16(a) is strictly construed against the person claiming the exemption. *See Sangralea Boys Fund, Inc. v. State Bd. of Tax Comm'rs,* 686 N.E.2d 954, 956 (Ind.Tax Ct.1997), *review denied.* However, exemption provisions are not to be construed so narrowly that the legislature's purpose in enacting it is defeated or frustrated, *see id.,* and the listed exempt purposes in section 6-1.1-10-16(a) are to be construed broadly and in accordance with their constitutional meaning. *See LeSea Broad. Corp. v. State Bd. of Tax Comm'rs,* 525 N.E.2d 637, 639 (Ind.Tax Ct.1988); *Indianapolis Elks Bldg. Corp. v. State Bd. of Tax Comm'rs,* 145 Ind.App. 522, 251 N.E.2d 673 (1969); *State Bd. of Tax Comm'rs v. Methodist Home for the Aged,* 143 Ind.App. 419, 241 N.E.2d 84, 87 (1968) (en banc).

■ As this Court recently explained in *Sangralea Boys Fund,* section 6-1.1-10-16(a) is "decidedly aimed at fostering the operations of charitable enterprises by allowing a tax exemption for engaging in conduct beneficial to the general public." *Id.* at 959. Therefore, the proper focus of any inquiry into the propriety of an exemption is whether the use of the property furthers exempt purposes. *See id.* at 957. This is consistent with the legislative purpose of rewarding charities for providing a public benefit. *See id.* at 958 (citing *Raintree Friends Housing v. Department of State Revenue,* 667 N.E.2d 810, 814 (Ind.Tax Ct.1996)).

■ With these principles in mind, the Court turns to the facts of this case. The parties do not dispute the fact that the building was undergoing extensive renovations on the March 1, 1995 assessment date. There is also no dispute that Trinity was renovating the building so that Midtown would be able to use the building as a community mental health facility in the future. The question to be decided is whether preparing the building for future use in furtherance of exempt purposes qualifies the building for the exemption.

This Court has previously faced a similar issue. In *Foursquare Tabernacle Church of God in Christ v. State Bd. of Tax Comm'rs,* 550 N.E.2d 850 (Ind.Tax Ct.1990), this Court made it clear that property acquired for future use in furtherance of exempt purposes may qualify for a property tax exemption under section 6-1.1-10-16. This Court noted that mere ownership alone is insufficient to support an exemption and that the intent to use the property for an exempt purpose must be "more than a mere dream." *Id.* at 854 (citing *Peoples Faith Chapel, Inc. v. Limbach,* 18 Ohio St.3d 236, 480 N.E.2d 781 (1985); *Freewill Baptist Church v. Kinney,* 10 Ohio App.3d 196, 461 N.E.2d 19 (1983); *Holy Trinity Protestant Episcopal Church v. Bowers,* 172 Ohio St. 103, 173 N.E.2d 682 (1961)). *See also* Annotation, *Prospective Use For Tax-Exempt Purposes as Entitling Property to Tax Exemption,* 54 A.L.R.3d 9 (1974 & Supp.1997).

In this case, it is apparent that, on the assessment date, Trinity's intent to use the building in furtherance of exempt purposes was more than a dream, and that it did more than merely own the building. Trinity had taken concrete steps at great expense to prepare the building for use as a community mental health center. This is more than enough objective evidence to support Trinity's contention that, as of the assessment date, it held the building with an intention to

use the building in the future for exempt purposes. It was therefore an abuse of discretion to deny Trinity the exemption.

■ In support of its final determination, the State Board raises an issue not discussed in *Foursquare Tabernacle*. In *Stark v. Kreyling*, 207 Ind. 128, 131, 188 N.E. 680, 681 (1934), the Indiana Supreme Court stated:

> [O]nly those facts as they exist on the 1st day of March of each year are material to the determination of questions of assessment and valuation for purposes of taxation. This is also true for purposes of exemption. Property either is or is not exempt from taxation according to the situation on the 1st day of March of each year.

This does not alter this Court's conclusion in this case. The situation on the assessment date can be evidenced by occurrences happening outside that date. *See Governours Square Apartments v. State Bd. of Tax Comm'rs*, 528 N.E.2d 864, 866 (Ind.Tax Ct.1988) (citing *Youngstown Sheet & Tube Co. v. Mahoning County Bd. of Revision*, 66 Ohio St.2d 398, 422 N.E.2d 846 (1981)). Therefore the State Board's argument that because the building was vacant on the assessment date, the exemption was properly denied misses the mark. In this case, events occurring outside the assessment date demonstrate that, even if the building was vacant on the assessment date, the vacancy did not obviate the purpose for which Trinity owned, occupied, and used the building. That purpose was to serve the mental health care needs of Marion County. On March 1, 1995, Trinity was serving that purpose by renovating the building for its eventual use by Midtown. *Cf. LeSea Broad. Corp.*, 525 N.E.2d at 639 (property exempt from taxation if reasonably necessary to further exempt purpose).

## CONCLUSION

For the reasons discussed above, this cause is REMANDED to the State Board of Tax Commissioners with instructions to grant Trinity a property tax exemption for the building located at 3333 North Meridian Street, Indianapolis, Indiana.