**CEDAR LAKE CONFERENCE ASSOCIATION, Petitioner,**

v.

**LAKE COUNTY PROPERTY TAX ASSESSMENT BOARD OF APPEALS, Respondent.**

No. 45T10–0702–TA–5.

Tax Court of Indiana.

May 28, 2008.

David M. Austgen, Timothy R. Kuiper, Joseph C. Svetanoff, Austgen Kuiper & Associates, P.C., Crown Point, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Matthew R. Nicholson, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Cedar Lake Conference Association (CLCA) challenges the final determination of the Indiana Board of Tax Review (Indiana Board) which upheld the Lake County Property Tax Assessment Board of Appeals' (PTABOA) denial of CLCA's application for a religious purposes exemption on its real property for the 2000 tax year (year at issue). The question before this Court is whether the Indiana Board's final determination is supported by substantial evidence.

### FACTS AND PROCEDURAL HISTORY

CLCA is an Indiana not-for-profit corporation whose stated purpose is "to conduct religious services and promote religious education." (Cert. Admin. R. at 36.) [1] CLCA owns and operates the Cedar Lake Bible Conference Center RV Park and Campground in Cedar Lake, Indiana. CLCA's facility is comprised of two adjacent parcels: one parcel consists of 44 acres and contains, *inter alia*, lodging facilities, a restaurant, a conference center, and assorted recreational areas (hereinafter, the Conference Center); the other parcel consists of 27.678 acres and contains a bathhouse, soccer fields, an archery range, walking trails, an RV park, camp-

---

**1.** CLCA has also been designated a 501(c)(3) organization by the Internal Revenue Service and is therefore exempt from federal income tax. (*See* Cert. Admin. R. at 13.)

grounds, and a prayer garden (hereinafter, the RV Park). The RV Park is the subject of this appeal.[2]

During the year at issue, CLCA used the RV Park in conjunction with the Conference Center "to promote Christian principles to youth and adults in a camp environment." (Cert. Admin. R. at 3, 38.) As such, participants of CLCA's programmed events used the RV Park ("affiliated" individuals). The RV Park was also used by "non-affiliated" individuals (i.e., those who did not attend CLCA's programmed events), other non-profit organizations, churches, and prison ministries.

On or about May 6, 2000, CLCA filed an application with the PTABOA, seeking a religious purposes exemption on the RV Park. On June 15, 2005, the PTABOA denied the exemption. On July 14, 2005, CLCA filed a Petition for Review (Form 132) with the Indiana Board. On January 4, 2007, after conducting a hearing, the Indiana Board upheld the PTABOA's denial.

On February 16, 2007, CLCA initiated this original tax appeal. The Court heard the parties' oral arguments on March 14, 2008. Additional facts will be supplied as necessary.

### STANDARD OF REVIEW

■ This Court gives great deference to final determinations of the Indiana Board when it acts with the scope of its authority. *Knox County Prop. Tax Assessment Bd. of Appeals v. Grandview Care, Inc.,* 826 N.E.2d 177, 180 (Ind. Tax Ct.2005). Consequently, the Court will re-

verse a final determination of the Indiana Board only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND.CODE ANN. § 33–26–6–6(e)(1)–(5) (West 2008). The Court, therefore, defers to the Indiana Board's factual findings when those findings are supported by substantial evidence.[3] *See Huffman v. Office of Envtl. Adjudication,* 811 N.E.2d 806, 809 (Ind. 2004) (citations omitted) (footnote added). The Court, however, reviews questions of law and legal questions that arise from the Indiana Board's factual findings *de novo. See id.* (citations omitted). *See also Filter Specialists, Inc. v. Brooks,* 879 N.E.2d 558, 571 (Ind.Ct.App.2007) (citation omitted).

### DISCUSSION AND ANALYSIS

In Indiana, all tangible property is subject to taxation. *See* IND.CODE ANN. § 6–1.1–2–1 (West 2008). Nevertheless, the Indiana Constitution provides that the legislature may exempt certain categories of property from taxation. *See* IND. CONST. art. X, § 1. Pursuant to this grant of authority, the legislature enacted Indiana Code § 6–1.1–10–16 which, during the year at issue, provided that "[a]ll or part of a

---

**2.** The Conference Center was granted a religious purposes exemption for the year at issue. (*See* Resp't Br. at 3.)

**3.** " 'Substantial evidence is more than a scintilla. It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.' " *Amax Inc. v. State Bd. of Tax Comm'rs,* 552 N.E.2d 850, 852 (Ind. Tax Ct.1990) (citation omitted).

building is exempt from property taxation if it is owned, occupied, and used ... for ... religious ... purposes." IND.CODE ANN. § 6–1.1–10–16(a) (West 2000). This exemption also generally extended to the land on which the building was situated, as well as the personal property contained therein. *See* A.I.C. § 6–1.1–10–16(c), (e).

■ The taxpayer bears the burden of proving that it is entitled to the exemption it seeks. *Indianapolis Osteopathic Hosp., Inc. v. Dep't of Local Gov't Fin.*, 818 N.E.2d 1009, 1014 (Ind. Tax Ct.2004) (citation omitted), *review denied.* Thus, the taxpayer must have presented probative evidence during the administrative hearing that not only demonstrates that it owns, occupies, and uses its property for an exempt purpose, but also that the exempt purpose is the property's predominate use. *Id.* (citation omitted). *See also* IND.CODE ANN. § 6–1.1–10–36.3 (West 2000).

■ In its final determination, the Indiana Board did not dispute the fact that CLCA owned and occupied the RV Park for religious purposes. (*See* Cert. Admin. R. at 37–40.) The Indiana Board concluded, however, that CLCA failed to demonstrate that the RV Park was predominately used for religious purposes because it did not provide documentation with a "breakdown of the time spent on [ ] religious [ ] and ... nonreligious activities." (Cert. Admin. R. at 38–39 ¶ 26.) CLCA now argues that this conclusion is not supported by substantial evidence. (*See* Pet'r Br. at 6–7.) The Court agrees.

Throughout the administrative hearing, CLCA claimed that the subject property was not merely an RV Park "but an integral part of its center in its mission for providing a life[-]changing [environment] for evangelism and spiritual growth" "beyond just the four corners of a traditional building, and spires, and a cross." (*See, e.g.*, Cert. Admin. R. at 151; Oral Argument Tr. at 13.) In support of its claim, CLCA presented, *inter alia*, an "Affidavit of RV Park Use" and an "RV Park Income Report." [4] (*See* Cert. Admin. R. at 132–34, 158 (footnote added).) These documents established that 67.2% of the RV Park's income was attributable to the property's use by "affiliated" individuals and 32.8% of its income was attributable to the property's use by "non-affiliated" individuals. (*See* Cert. Admin. R. at 132–34, 158–59.) The Court therefore finds that CLCA did present evidence that not only provided a breakdown of the RV Park's religious and nonreligious use, but also established that the RV Park was predominately used for religious purposes.[5] Consequently, the Indiana Board's finding to the contrary is not supported by substantial evidence.

■ While property tax exemption statutes are strictly construed against the taxpayer and in favor of the State, an exemption will not be construed so narrowly that the legislature's purpose in enacting it is defeated or frustrated. *Trinity Episcopal Church v. State Bd. of Tax Comm'rs*, 694 N.E.2d 816, 818 (Ind. Tax Ct.1998) (citation omitted). Thus, the fact that the RV Park and the Conference Center are delimited (i.e., they are separate parcels with distinct key numbers) neither alters the manner in which CLCA used

---

4. CLCA charged a nightly rate for use of the RV Park of either $19 or $22, a weekly rate of $130, and a monthly rate of $475. (Cert. Admin. R. at 131.)

5. Indeed, counsel for the PTABOA acknowledged this point. (*See* Resp't Br. at 7 (stating that "CLCA did prove that the majority of the income of both its properties (the exempt property not at issue in this case as well as the property at issue) came from those who were attending the Conference [C]enter with their 'church ... youth programs, and different things like that' ") (citation omitted).)

those properties nor diminishes CLCA's religious purpose. *Cf.* IND.CODE ANN. § 6–1.1–1–8.5 (West 2000) (indicating that a "key number" is merely a tool used by assessing officials to distinguish properties from one another for various administrative purposes) *with Trinity Episcopal Church,* 694 N.E.2d at 818 (stating that "the proper focus of any inquiry into the propriety of an exemption is whether the use of the property furthers [the] exempt purpose[ ]") (citation omitted). Furthermore, the fact that some recreational activities may have taken place on the RV Park does not necessarily lead to the conclusion that CLCA's use of the property does not further its religious purposes. (*See* Cert. Admin. R. at 84 (where CLCA's Restatement of its Articles of Incorporation state that it should "provide housing for individuals and buildings in which to conduct religious services; *including also recreational grounds, parks, drives, and a bathing beach*") (emphasis added).) *See also LeSea Broad. Corp. v. State Bd. of Tax Comm'rs,* 525 N.E.2d 637, 639 (Ind. Tax Ct.1988) (stating that "innocent collateral activities and buildings essential to the furtherance of the true purposes of the corporation should not blind the court to the genuineness of those purposes nor to the sincerity of their actual accomplishment") (citation omitted). Consequently, when the evidence and testimony presented by CLCA are viewed in their entirety, it is apparent that CLCA predominately used the RV Park for religious purposes.

## CONCLUSION

For the above stated reasons, the Indiana Board's final determination is not supported by substantial evidence and is therefore REVERSED. The matter is REMANDED to the Indiana Board so that it may instruct the appropriate assessing officials to take actions consistent with this opinion.